**UNITED STATES of America,
Plaintiff,**

v.

**Anne Lee SAMPSON, Defendant.**

**Crim. No. 299-58.**

United States District Court
District of Columbia.

April 30, 1958.

Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., for the Government.

Daniel H. Margolis, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

█ This hearing has been set for the purpose of determining whether the defendant, Anne Lee Sampson, is entitled to have counsel assigned to her by the Court. Such counsel are ordinarily assigned only in cases in which the defendant is impecunious or for some other reason is unable to hire his or her own counsel.

The Sixth Amendment to the Constitution of the United States guarantees to every defendant in a criminal case the right to be represented by counsel. Until recent years, this provision was understood to mean that the defendant was en--

titled to hire counsel or retain counsel to represent him. In 1938, the Supreme Court rendered a far-reaching decision, which is really a landmark in the history of human liberty in the case of Johnson v. Zerbst,[1] in which for the first time it construed this clause of the Sixth Amendment to mean that if a defendant had no means to hire counsel, the court was in duty bound to appoint counsel, unless the right to counsel was affirmatively and intelligently waived, with a full understanding of the existence of the right. The right to have counsel appointed, however, does not extend to cases in which the defendant has financial means and is not otherwise disabled from retaining counsel.

In the Federal courts, counsel assigned by the court to represent defendants in criminal cases render their services gratuitously. In this District, in view of the fact that the Federal Court has jurisdiction over local felonies as well as over Federal offenses, the percentage of defendants who are represented by counsel appointed by the court is very large. To assign counsel to render services without compensation to a person who can afford to pay for them is an imposition on members of the bar and also it pauperizes the defendant. Members of the bar who are assigned to defend indigent defendants represent their clients zealously. It has been the observation of this Court that they accept such assignments willingly and render able services to their non-paying clients as they do to their paying clients. The practice of assigning counsel should not be extended to persons who are able to pay. The Constitution does not require that gratuitous services should be rendered to persons who can afford to pay for them. Neither does the decision in Johnson v. Zerbst, go that far.

In this case the defendant's husband is engaged in business which nets him $15 a day. The defendant herself is making $25 a week. In other words, between the two of them, they earn about $120 a week. Obviously, they can afford to hire counsel. Naturally, the husband of the defendant is liable for counsel fees, because legal services in a matter of this kind is a necessity for which the husband is liable. Under the circumstances, the Court will cancel the appointment of counsel.

The Court wishes to thank counsel who has been appointed for his willingness to continue, but the Court is of the opinion that it would be a very bad precedent to permit him to do so. The defendant is directed to hire counsel of her own selection.

1. 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.