John Howard **ABDNOR**, Appellant,

v.

John **OVARD**, Judge, 265th District
Court, Appellee.

No. 705–82.

Court of Criminal Appeals of Texas,
En Banc.

July 20, 1983.

Ronald L. Goranson, Dallas, Oscar H.
Mauzy, Grand Prairie, for appellant.

Hal E. Turley, Staff Atty., Dallas County
Criminal Dist. Courts, Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst.
State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CLINTON, Judge.

We granted appellant's petition in order
to review the published opinion of the Dallas Court of Appeals denying his application
for a writ of mandamus to compel the trial
court to order that he be furnished with a
transcription of the court reporter's notes
(statement of facts) without cost. *Abdnor
v. Ovard,* 635 S.W.2d 864 (Tex.App.—Dallas
1982).

The court of appeals, relying on Tex.
Const.Art. 5, § 6 and Article 1823, V.A.C.S.
(1964) held that, because notice of appeal
had been filed, it had jurisdiction to entertain an application for mandamus in this
case, in order to protect its appellate jurisdiction. *Abdnor v. Ovard,* supra, at 867.

In its treatment of the merits of
appellant's mandamus application the court
erred in applying an indigency test of its
own creation, a standard which is in conflict
with this Court's pronouncements and
which both of the opposing parties urge us
to reject. The court of appeals applied a
"firm standard" drawn from its opinion in
*Ex parte Hennig,* 559 S.W.2d 401 (Tex.Civ.
App.—Dallas 1977, no writ), in which the
relator sought habeas corpus relief from
confinement resulting from his being held
in contempt for disobedience of a child support order. In that case and in this one the
court of appeals required proof of each of
the following:

"(1) that the relator lacks sufficient personal or real property which could be sold

or mortgaged to raise the needed sum; and

(2) that the relator had unsuccessfully attempted to borrow the sum from *financial institutions such as banks, credit unions, and loan companies;* and

(3) that the relator knows of no other source, including *relatives,* from whom the sum could be borrowed or otherwise secured." [1]

The court of appeals concluded in this case, at 868–869, that appellant produced witnesses who supplied "at least 'some' evidence of the proof required by the first test in *Hennig.* . . ." But the court held that, because appellant,

"failed to exclude two out of three sources which, under *Hennig,* must be excluded to support an indigency finding, the trial court was justified in concluding that Abdnor failed to meet his burden to establish the truthfulness of this affidavit of indigency."

The facts are set out in the opinion of the court of appeals. The testimony at the indigency hearing showed that the transcript would cost $24,500, that appellant's father had been appointed guardian of his estate, and that appellant was forty one years old.

■ A determination whether an appellant is entitled to a free transcription must be made on a case by case basis; no rigid standard exists. *Conrad v. State,* 537 S.W.2d 755 (Tex.Cr.App.1976). See also *Ex parte Combs,* 545 S.W.2d 171 (Tex.Cr.App. 1977) and *Roberson v. State,* 538 S.W.2d 788 (Tex.Cr.App.1976). In *Conrad,* at 757, the Court also emphasized the following:

"*Parents of appellant are not legally bound to pay for the expenses of an appeal.* . . .

Sometimes parents run out of funds and cannot help a child who has been charged with committing crimes. In some cases parents may have funds but will not furnish them for counsel and for the record. *If they have money, this does not mean that a defendant is not indigent.*"

In the present case the court of appeals noted "the absence of a firm standard from either the statute or prior cases" but expressed confidence that its own test was consistent with this Court's opinion in *Castillo v. State,* 595 S.W.2d 552 (Tex.Cr.App. 1980). However, in *Castillo,* at 554, and the cases cited therein, we have clearly stated that the issue of indigency "implicates the personal financial condition of an appellant, not that of his parents or other relatives." The court of appeals erred in imposing its own "fixed standard." [2]

■ Procedurally, the court observed that the trial judge had conducted a hearing on the "truthfulness" of appellant's indigency affidavit, pursuant to Article 40.-09(5), V.A.C.C.P., and that the trial court had denied appellant indigency status. The court of appeals cited *Warminski v. Dear,* 608 S.W.2d 621 (Tex.Cr.App.1980) as approving of the procedure followed in the trial court. However, in that case this Court also held that, because a trial judge's inquiry into the truthfulness of an indigency affidavit is not "a mere ministerial act," an application for writ of mandamus would not lie. An appellant may contest the trial court's denial of indigency status on appeal, not by application for writ of mandamus. Accordingly, though we disagree with the reasons for denying mandamus relief given by the court of appeals,[3] that denial is affirmed.

MILLER and CAMPBELL, JJ., not participating.

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

2. We also disapprove of the implication in the opinion below that an appellant is required to testify, rather than call witnesses in his behalf. And we are led to wonder how many financial institutions would lend money to an appellant to pay for a transcript.

3. We need not yet address the question whether courts of appeals have mandamus jurisdiction in criminal cases generally.