Charles Craig **SKIDMORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–90–106–CR.

Court of Appeals of Texas,
Texarkana.

April 30, 1991.

Charles M. Cobb, Mount Pleasant, for appellant.

Robert Newsom, Asst. Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

### OPINION

BLEIL, Justice.

Charles Skidmore appeals the trial court's denial of his request for a free statement of facts and transcript of his jury trial. The issue on appeal is whether the trial court abused its discretion in finding that Skidmore was not indigent. We conclude that it did. We therefore reverse the order and remand the cause to the trial court.

Skidmore was convicted of the offense of injury to a child. He thereafter filed a written notice of appeal. Additionally, he filed a pauper's oath for appeal, asserting that he was indigent and requesting a free statement of facts and transcript of his jury trial. After a hearing on his motion, the trial court determined that he was not indigent and denied his request.

At the hearing on his motion, Skidmore testified that, although he was employed at the time of trial, when he was convicted, he was suspended without pay and later terminated. He stated that he had diligently sought employment, but was unable to find work at any rate of pay, he had filed bankruptcy, and his house was to be sold by the bank because he was in default. He further testified that although he received approximately $834.00 monthly as unemployment compensation, he was unable to meet his financial obligations or to pay for a statement of facts. Testimony at the hearing indicated that the statement of facts of Skidmore's jury trial would cost approximately $2,500.00. The State put on no witnesses and offered no evidence to rebut Skidmore's claim of indigency. At the conclusion of the hearing, the trial court denied his request.

■ A defendant in a criminal case has a right to have that conviction reviewed by an appellate court. Upon a showing of indigency, the trial court has a duty to provide an indigent defendant with an adequate record on appeal. *Griffin v. Illinois*, 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex.Crim.App.1986). The procedure by which a defendant can obtain a record is set out in Tex.R.App.P. 53(j)(2), which provides:

> Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the reporter to furnish the statement of facts, and when the court certifies that the statement of facts has been furnished to the appellant, the court reporter shall be paid from the general funds of the county, by the county in which the offense was committed the sum set by the trial judge.

A defendant who claims indigency and requests a statement of facts without charge must exercise due diligence in asserting his indigency, including the timely filing of his affidavit. *Abdnor v. State*, 712 S.W.2d at 140; *Warminski v. Dear*, 608 S.W.2d 621, 623–24 (Tex.Crim.App.1980). Additionally, he must sustain the allegations of his affidavit as to indigency at the hearing as provided by Tex.R.App.P. 53(j)(2). *Abdnor v. State*, 712 S.W.2d at 141.

A determination of indigence must be made on a case-by-case basis. *Abdnor v. State*, 712 S.W.2d at 141; *Zanghetti v. State*, 582 S.W.2d 461, 462 (Tex.Crim.App. [Panel Op.] 1979); *Fishman v. State*, 771 S.W.2d 573, 575 (Tex.App.–Corpus Christi 1989, pet. ref'd), *cert. denied*, — U.S. —, 110 S.Ct. 1924, 109 L.Ed.2d 287 (1990). This determination is to be made at the time of the appeal and not at the time of trial. *Barber v. State*, 542 S.W.2d 412, 413 (Tex.Crim.App.1976). In determining whether or not the defendant is indigent, only his personal financial condition is considered, not that of his parents or other relatives. *Castillo v. State*, 595 S.W.2d 552, 554 (Tex.Crim.App. [Panel Op.] 1980); *Ex parte King*, 550 S.W.2d 691, 694 (Tex.Crim.App.1977).

The factors to be considered in determining whether a defendant is indigent are the nature of his employment, the amount of his earnings and expenses, and his ability to secure a bond and retain counsel. *Fishman v. State*, 771 S.W.2d at 575; *Turner v. State*, 725 S.W.2d 409, 410 (Tex.App.–Houston [1st Dist.] 1987, no pet.). However, a defendant should not be deprived of his right to a free statement of facts on appeal merely because he was represented by retained counsel at trial. *Abdnor v. State*, 712 S.W.2d at 142; *Fishman v. State*, 771 S.W.2d at 575. The attorney that the defendant retains for his trial is not required to furnish an appellate record at his own expense or to handle the appeal without a fee. *Abdnor v. State*, 712 S.W.2d at 142. A defendant is indigent, and thus entitled to a free statement of facts for appeal, when his testimony establishes a prima facie showing of indigency,

and the State fails to undermine that showing. *Snoke v. State*, 780 S.W.2d 210, 213–14 (Tex.Crim.App.1989).

In this case, Skidmore testified that he was unemployed, that he had sought employment, and that he had filed bankruptcy. He stated that, although he had retained his attorney and had paid him in full for his trial, he was now unable to pay attorney's fees and that his attorney was appealing his case at no charge. He also stated that his home was being foreclosed on and that he would likely owe more on the house than it would bring at the trustee's sale. Skidmore made a prima facie showing of indigency, and the State offered no evidence to rebut his claim of indigency. Therefore, the trial court abused its discretion in determining that Skidmore was not indigent.

The State maintains that since Skidmore did not timely file his motion and request for a hearing, he did not exercise due diligence in asserting his indigency and thus he is not entitled to a free statement of facts. However, the State did not make this assertion at the time of the hearing or oppose Skidmore's request on that basis at that time. Therefore, the State has waived this argument. Tex.R.App.P. 52.

The order of the trial court determining that Skidmore was not indigent is reversed and the case is remanded for proceedings consistent with this order.