**Kenneth HENDREN, Relator,**

v.

**The Honorable Sam PAXSON, as Judge Presiding of the 346Th District Court of El Paso County, Texas, Respondent.**

No. 08–97–00259–CR.

Court of Appeals of Texas, El Paso.

July 31, 1997.

Scott A. Young, Minton Burton Foster & Collins, Austin, for Relator.

Sam Paxson, Jaime E. Esparza, District Attorney, El Paso, for Respondent.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### OPINION ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

#### FACTS

This is an original preceding in mandamus. On February 3, 1997, judgment was entered against relator in Cause No. 81,285 in the 346th District Court of El Paso County, Texas for the offense of intoxication manslaughter and punishment was assessed at six years imprisonment. Relator filed a Motion for a Statement of Facts without Charge, claiming indigency. On May 21, 1997, an evidentiary hearing on that motion was held by the 346th Judicial District Court, the Honorable Judge Sam Paxson presiding. The judge denied relator's motion and he seeks a writ of mandamus from this court requiring the trial court to reverse its decision. We deny leave to file the petition for writ of mandamus.

#### ADEQUATE REMEDY AT LAW

To establish an entitlement to mandamus relief, a relator must satisfy two requirements: 1) there must be no adequate remedy at law to redress his alleged harm; and 2) the act sought to be compelled is purely ministerial, i.e. the relator must have a clear right to the relief sought. *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Crim.App.1992)(orig.proceeding); *Stearnes v. Clinton,* 780 S.W.2d 216, 219 (Tex.Crim.App.1989)(orig.proceeding). An act is ministerial "where the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981)(orig.proceeding).

We find that relator has an adequate remedy at law. *Buntion,* 827 S.W.2d at 947. A criminal defendant may contest the trial court's denial of his indigent status by appeal, not by application for writ of mandamus. *Abdnor v. Ovard,* 653 S.W.2d 793, 794 (Tex.Crim.App.1983). Accordingly, we deny relator's motion for leave to file petition for writ of mandamus.