**Eara John NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–350–CR.**

Court of Appeals of Texas, Waco.

Nov. 17, 1999.

Paul Guillotte, Jr., Gatesville, for appellant.

Riley J. Simpson, Dist. Atty., Richard L. Mackay, Jr., Asst. Dist. Atty., Gatesville, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

BILL VANCE, Justice.

On March 2, 1988, Eara Nelson was convicted of indecency with a child and sentenced to ten years' imprisonment, probated. On November 13, 1998, the court found that Nelson had violated the terms of probation and reinstated his original sentence. Nelson filed a notice of appeal on November 20 and asked the trial court to provide a free reporter's record for the appeal. *See* Tex.R.App. P. 20.2. The court denied Nelson's request, so he brought a mandamus proceeding seeking to challenge the court's order denying him a free record. *Id.* His request for mandamus relief was denied[1] because an appellant may not challenge a court's denial of indigency status by petition for writ of manda-

---

1. *See In re Nelson,* 982 S.W.2d 957 (Tex. App.—Waco 1999, orig. preceeding).

mus. *See Abdnor v. Ovard,* 653 S.W.2d 793, 794 (Tex.Crim.App.1983); *Hendren v. Paxson,* 951 S.W.2d 496, 497 (Tex.App.— El Paso 1997, no pet.). We noted that it may be challenged by direct appeal.

Nelson now asserts in his appeal that the trial court erred in denying him a free reporter's record. For purposes of this appeal, for reasons explained herein, we will treat the issue as a pre-record motion and consider it accordingly.

## THE RULE

Rule of Appellate Procedure 20.2 provides the procedure through which a defendant may ask for a free appellate record:

> Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, *by motion and affidavit,* ask the trial court to have the appellate record furnished without charge. If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings. When the court certifies that the appellate record has been furnished to the appellant, the reporter must be paid from the general funds of the county in which the offense was committed, in the amount set by the trial court.

TEX.R.APP. P. 20.2 (emphasis added). The trial court's order denying Nelson a free record states that no affidavit was provided. Nelson urges that an affidavit was attached to the motion. Our review of the clerk's record shows that on November 20, 1998, Nelson's attorney filed a motion for a "free statement of facts on appeal." Attached to the motion was the attorney's own affidavit swearing that the allegations in the motion are true. Nelson had signed an unsworn "Financial Affidavit and Pauper's Oath" in July of 1998, but that affida-

vit, even if valid, does not address his ability to pay for the record.

## DUTY OF THE APPELLANT

■ An appellant seeking to obtain a free record for appellate purposes *must* file an indigency affidavit and move the court for a hearing. *See Gray v. State,* 928 S.W.2d 561, 562 (Tex.Crim.App.1996) (regarding former rule 53(j)(2), now rule 20.2); *Rosales v. State,* 748 S.W.2d 451, 453–54 (Tex.Crim.App.1987) (citing *Abdnor v. State,* 712 S.W.2d 136, 140–41 (Tex. Crim.App.1986)). All appellants are required to pay for the record unless they can prove to the satisfaction of the trial court their inability to pay. *Id.*

## THE DECISION

■ The determination of indigency is a matter resting in the sound discretion of the trial court. *Rosales,* 748 S.W.2d at 455. In the absence of an abuse of such discretion, the ruling will not be disturbed on appeal. *Id.*

## APPLICATION

■ The record shows that Nelson himself failed to file an affidavit in support of his motion for a free record on appeal. We believe this alone supports the court's decision to deny Nelson a free appellate record.[2] Nevertheless, because it is not clear that Rule 20.2 requires an affidavit by the defendant, we will look to the testimony at the hearing to determine if it supports a finding that Nelson is not indigent.

■ The factors to be considered in determining whether a defendant is indigent are: the nature of his employment; the amount of his earnings and expenses; and his ability to secure a bond and retain counsel. *Skidmore v. State,* 808 S.W.2d 708, 710 (Tex.App.—Texarkana 1991, no

---

**2.** The Texarkana Court of Appeals has held that the State must challenge a defendant's lack of due diligence in attempting to get a free appellate record at the time the request is made or the State waives any objection. *Skidmore v. State,* 808 S.W.2d 708, 710 (Tex. App.—Texarkana 1991, no pet.).

pet.). A determination of indigence must be made on a case-by-case basis. *Id.* Only the defendant's personal financial condition is considered, not that of his parents or other relatives. *Id.* (citing *Castillo v. State*, 595 S.W.2d 552, 554 (Tex. Crim.App. [Panel Op.] 1980)).

In determining that Nelson is not entitled to a free reporter's record on appeal, the court specifically noted that his parents have over forty thousand dollars in equity in their home. This erroneously takes into consideration Nelson's parents' financial condition. The court also pointed out that the parents testified they would make Nelson's bond, even though the cost of the bond would be more than the cost of a record for appeal. Although this could be said to be a consideration of Nelson's ability to secure a bond, it nevertheless takes his parents' financial condition into consideration again. We believe that the "ability to secure a bond," at least in this context, must be the defendant's ability without regard to gifts of money from his parents.

There was also testimony that Nelson receives $570 per month from the Social Security Administration because of a "reading disability." Testimony suggested that this is the only income Nelson receives. However, his only expense is a monthly electric bill. Considering Nelson's monthly income and the fact that he receives free room and board, we cannot say that the court abused its discretion in denying him a free record on appeal.

### APPELLATE TIMETABLE

■ We must now determine how to proceed with Nelson's appeal. In *Gray v. State*, 928 S.W.2d 561, 562–63 (Tex.Crim. App.1996), the Court of Criminal Appeals remanded a case to the trial court for an indigency hearing, saying:

> If the [trial] court finds that [the defendant is indigent], it must provide him with a statement of facts at no charge, after which the time limits for prosecuting his appeal shall be calculated as in

other cases. If . . . he is not indigent, [the trial court] shall certify that fact to the court of appeals, which may then finally dispose of the appeal without further proceedings in the trial court.

If we were to reverse a determination that a defendant is not indigent so that he or she is entitled to a free appellate record, we would allow time for the free record to be prepared and filed and allow time thereafter for the defendant to file a brief on the merits based on that record. Having upheld the indigency determination in this case, we believe that Nelson should not be penalized for having exercised his right to appellate review of that determination, but should be afforded the same opportunity to present a record and file a brief on the merits.

Therefore, if Nelson chooses to pay for the reporter's record, it must be filed within thirty days after the date of this order. TEX.R.APP. P. 2. His brief on the merits is due thirty days after the date the record is completed in this court. *Id.* 38.6. If no record is filed, his brief is due 45 days after the date of this order. The State's brief is due thirty days after Nelson's brief is filed. *Id.* If no reporter's record is filed within thirty days, the cause will be submitted for consideration of those issues or points that do not require a reporter's record for a decision. *Id.* 37.3(c).

### NECESSITY OF A SEPARATE NOTICE OF APPEAL

■ We have previously determined that when an appeal is taken and the defendant-appellant desires to challenge the trial court's ruling on his request for bond pending appeal, a separate notice of appeal must be filed. *Id.* 25.2(b)(2) (Notice is sufficient if it shows the party's desire to appeal from the judgment *or other appealable order,* . . . .) (emphasis added); *Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex.App.—Waco 1999, orig. proceeding). We docket the appeal from the bail order separate and apart from the appeal

on the merits. *See Margoitta v. State,* 987 S.W.2d 611, 612 (Tex.App.—Waco 1999) (order). Although an appeal from a bail determination is controlled by a statute which is more detailed than the rule governing the determination of whether a defendant is unable to pay for the appellate record, we believe that a separate notice of appeal is also required when a defendant desires to appeal from an order denying a free record. TEX.R.APP. P. 25.2(b)(2); *compare* TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1999) *with* TEX.R.APP. P. 20.2.

An appeal on the merits is not affected by the determination of an appeal from an adverse bail order. Both can proceed, independently, except that the bail determination is given preference by the statute. TEX.CODE CRIM. PROC. ANN. art. 44.04(g). On the other hand, whether or not a complete record is available for an appeal on the merits may be determined by the outcome of an appeal from an adverse indigency determination. Thus, in that instance, we will abate the appeal on the merits pending the indigency appeal, then reset the appellate timetable on the merits accordingly.

In the interest of justice, we will apply this holding prospectively to those determinations of indigency made after the date of this order.

## CONCLUSION

Having found that the trial court did not abuse its discretion in denying Nelson a free record on appeal, we affirm that order and reset the appellate timetable.

Justice GRAY concurring.

TOM GRAY, Justice, concurring.

Rule 20.2 requires that an appellant claiming inability to pay for the court record raise the issue by filing a motion and affidavit. TEX.R.APP. P. 20.2. The rule does not specify what allegations are required to be contained in the affidavit or who must make the affidavit. From a

reading of the rule it seems clear that the affidavit must raise the issue of the appellant's ability to pay for the appellate record. I have found no requirement that the affidavit be made personally by the appellant or that there is any magic to particular words or form.

Accordingly, I write this concurring order to express my disagreement with any statements in the majority's order which expressly or by implication suggest that the appellant must personally sign the affidavit or that there is a particular form of "indigency affidavit" that must be filed. The statements in the majority's order with which I do not agree do not affect the result of the order. Accordingly, I concur in the remainder of the order including the result.