NUMBER 13-00-206-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ALBERT DAVID PARTIDA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 25th District Court


of Gonzales County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Castillo, and Amidei(1)


Opinion by Justice Amidei


 

 Appellant was convicted by a jury on one count of a two count
indictment for retaliation. The trial court sentenced appellant to five
years probated for five years, a $2,500 fine and 30 days in jail.

 The trial court conducted a hearing on appellant's motion to
determine whether he was entitled to a free reporter's record for an
appeal on August 24, 2000. Appellant appeals from the denial of this
motion.

 The issue is whether the trial court abused its discretion in not
finding appellant indigent.

 On April 20, 2000, the trial court found appellant to be indigent
and appointed an attorney to represent him. Appellant argues that the
trial court erred in making a new order on August 24, 2000, that he
could pay for the reporter's record.

 The record shows inconsistencies between what appellant
represented as his financial condition at the time he applied for an
attorney for representation in the trial court and his application for an
attorney on appeal. These inconsistencies included: representing at first
that he did not pay rent and later saying he paid rent to his parents in
the form of maintenance; at first indicating he made $2,500 per month
income, then later saying he only made $1,000 per month; claiming his
credit was in shambles, but providing no documentation for his debts
or the amount of his debts; not contacting any bank or other lenders to
obtain a loan; and avoiding the question as to how much money he
received since his conviction for the sale of two vehicles he had owned,
although indicating he paid the money to creditors.

 The matter of determination of indigency rests in the sound
discretion of the trial court. Rosales v. State, 748 S.W.2d 451, 455
(Tex. Crim. App. 1987); Nelson v. State, 6 S.W.3d 722, 724-25 (Tex.
App.--Waco 1999, no pet.) (defendant found not indigent where his
only income was $570 per month from Social Security Administration,
he received free room and board, and his only expense being a monthly
electric bill). The trial court did not abuse its discretion by finding
appellant misrepresented his financial situation to claim indigency and
by denying appellant's motion.

 We affirm the trial court's order.



 ______________________________________

 MAURICE AMIDEI

 Assigned Justice



Opinion ordered not published.

Tex. R. App. P. 47.3


Opinion delivered and filed

this the 19th day of April, 2001.


 


1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).