NUMBER
13-02-098-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

PATTI
WHITEHEAD,                                                              Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 

On
appeal from the 24th District Court

of
Jackson County, Texas

 

 

                                   O P I N I O N

 

                     Before Justices Hinojosa,
Castillo, and Baird[1]

                                   Opinion
by Justice Baird     

 








Appellant was charged
by indictment with the offense of theft. 
Tex. Pen. Code Ann. ' 31.03(e)(4)(A)(f)(1)
(Vernon Supp. 2002).  A jury convicted
appellant of the charged offense and assessed punishment at ten years confinement
in the Texas Department of Criminal Justice--Institutional Division, probated,
and a fine of $8,000. The trial judge subsequently entered an order denying
appellant indigent status.  That ruling
is subject to appellate review.  Abdnor
v. Ovard, 653 S.W.2d 793, 794 (Tex. Crim. App. 1983); Hendren v. Paxson,
951 S.W.2d 496, 497 (Tex. App.BEl Paso 1997, orig.
proceeding).

I.  Factual Summary.

At trial, appellant
was represented by Trent Gaither and Larry Watts.  Following the jury=s verdict, trial
counsel filed a document entitled Motion to Withdraw and Request to Proceed in
Forma Pauperis.  That motion/request
asked the judge to: (1) permit Gaither and Watts to withdraw as counsel of
record; (2) find appellant indigent for the purpose of prosecuting her appeal;
and, (3) appoint counsel to represent appellant on appeal.  The motion/request also estimated the
reporter=s record would cost in
excess of $45,000.  This document was
signed by Gaither, Watts and appellant. 
Attached to the motion was an affidavit signed by appellant, an income
and expense summary, and net worth statement.








At the hearing on this
motion/request, the following was developed. 
Gaither and appellant=s fee agreement
expressly stated that Gaither=s fee did not include
representing appellant on appeal. 
Gaither then offered and the trial judge admitted into evidence
appellant=s income and expense
summary and net worth statement.  The
trial judge then summarily denied appellant indigent status, but permitted
Gaither to withdraw.  Gaither then asked
the trial judge to provide a reporter=s record without
charge pursuant to Rule 20.2 of the Texas Rules of Appellate Procedure.  This request was also denied.   

Watts then requested
permission to withdraw.  Specifically
Watts stated:  AI don=t have an agreement,
nor do I have the skill or ability to represent [appellant] on appeal. ... I
have not done a criminal appeal within the last 20 years or longer.@  The trial judge, after determining that the
trial lasted 47 days over a span of 108 days then responded:

[During the course of
the trial, Watts] would have been consulting with Mr. Gaither, and it being
such a long trial, if there is any problem in the trial of the case I=m sure that you would
be aware of it, I=m sure if there is a
problem Mr. Gaither would have told you about it, so you would know if there is
a problem in the trial of the case and what it is and certainly you can go look
at a law book on how to appeal a case.[2]  35 

 

The trial judge then
entered a written order permitting Gaither to withdraw as counsel, denying Watts=s request to withdraw
as counsel, and denying appellant leave to proceed in forma pauperis.  This order is the subject of this appeal.

II.  Indigency in General.








An indigent defendant,
facing the possibility of imprisonment, is entitled to the appointment of
counsel.  Gideon v. Wainwright,
372 U.S. 335, 344 (1963).  This
fundamental right is codified in articles 1.051 and 26.04 of the Code of
Criminal Procedure.  Tex. Code Crim. Proc. Ann. arts. 1.051,
26.04 (Vernon Supp. 2002).  Additionally,
when an appeal is provided by statute, the United States and Texas
Constitutions require that indigent defendants be appointed counsel on appeal.  Anders v. California, 386 U.S. 738,
742 (1967); Douglas v. California, 372 U.S. 353, 355-56 (1963); Hogan
v. State, 572 S.W.2d 526, 528 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Tex. Code Crim. Proc. Ann. art.
1.051(d)(1) (Vernon Supp. 2002). 
Obviously, there can be no effective appeal, and no effective appellate
representation, without a clerk=s record and a court
reporter=s record.  Stephens v. State, 509 S.W.2d 363, 365
(Tex. Crim. App. 1974); Scott v. State, 80 S.W.3d 184, 195 (Tex. App.BWaco 2002, no pet. h.)
(absence of appellate record renders appellant's appeal a meaningless
ritual).  Accordingly, Rule 20.2 provides
the procedure whereby an indigent defendant can obtain a reporter=s record without
charge.  Tex. R. App. P. 20.2; see also Griffin v. Illinois,
351 U.S. 12, 19 (1956) (upon a showing of indigency the trial judge must
provide an indigent defendant with an adequate record for appeal); Gray v.
State, 928 S.W.2d 561, 562 (Tex. Crim. App. 1996); Williams v. State,
530 S.W.2d 582, 583-84 (Tex. Crim. App. 1975). 
The purpose of the rule is to provide equal appellate access to indigent
defendants whose indigency would otherwise prevent them from obtaining such
access.  Rosales v. State, 748
S.W.2d 451, 454 (Tex. Crim. App. 1987).

III.  Indigency Determinations.








As noted above,
article 26.04 provides for the appointment of counsel on appeal, and Rule 20.2
provides the mechanism for obtaining an appellate record without charge.  While these two determinations have many
common elements, they also involve distinct considerations.  Therefore, we will begin with their
commonality, and then address the separate considerations for each.

A.  Commonality.

There is no duty
imposed on the trial court to appoint counsel until the defendant shows that he
is indigent.  Gray v. Robinson,
744 S.W.2d 604, 607 (Tex. Crim. App. 1988). 
Consequently, an indigent defendant must manifest his desire to appeal
in a manner sufficient to apprise the trial court of the need to appoint
appellate counsel.  Ward v. State,
740 S.W.2d 794, 798 (Tex. Crim. App. 1987). 
Indigent means "a person who is not financially able to employ
counsel."  Tex. Code Crim. Proc. Ann. art. 1.051(b) (Vernon Supp.
2002).  An indigency determination is
made by looking at the defendant's financial status at the time of appeal, not
at the time of trial.  Rosales,
748 S.W.2d at 455 (citing Barber v. State, 542 S.W.2d 412, 413 (Tex.
Crim. App. 1976)).  These determinations
are made on a case‑by‑case basis. 
Id.; Abdnor v. State, 712 S.W.2d 136, 141 (Tex. Crim. App.
1986).  Appellate courts employ the abuse
of discretion standard of review when reviewing indigency determinations.  Newman v. State, 937 S.W.2d 1, 3 (Tex.
Crim. App. 1996).  A trial judge abuses
his discretion by acting arbitrarily and unreasonably, without reference to any
guiding rules or principles, or is so clearly wrong as to lie outside the zone
within which reasonable persons might disagree. 
Heidelberg v. State, 36 S.W.3d 668, 675 (Tex. App.BHouston [14th Dist.]
2001, no pet.).








A.  Article 26.04.[3]

A defendant requesting
a determination of indigency shall:  (1)
complete under oath a questionnaire concerning his financial resources; (2)
respond under oath to an examination regarding his financial resources by the
judge or magistrate responsible for determining whether the defendant is
indigent; or (3) complete the questionnaire and respond to examination by the
judge or magistrate.  Tex. Code Crim. Proc. Ann. art.
26.04(n) (Vernon Supp. 2002).  And before
making a determination of whether a defendant is indigent, the court shall
request the defendant to sign under oath a statement.  Tex.
Code Crim. Proc. Ann. art. 26.04(o) (Vernon Supp. 2002).[4]








No rigid standard
exists for determining indigency for the purpose of appointing counsel.  Abdnor, 712 S.W.2d at 141‑42.  Generally, the court must consider only the
defendant's personal financial conditions, not those of his parents, other
relatives, friends, or employers.  Snoke
v. State, 780 S.W.2d 210, 213 (Tex. Crim. App. 1989); Staten v. State,
662 S.W.2d 672, 674 (Tex. App.BHouston [14th Dist.]
1983, no pet.) ("Outside sources such as relatives and even employers are
not to be considered unless they are legally bound to pay for defendant's
appellate expenses.").  Spouses,
however, provide an exception to this general rule.  Butler v. State, 506 S.W.2d 902, 903
(Tex. Crim. App. 1974); Ex parte Mays, 152 Tex. Crim. 172, 212 S.W.2d
164, 167 (1948); see also United States v. Stone, 298 F.2d 441, 441 (4th
Cir.1962); United States v. Sampson, 161 F.Supp. 216, 217 (D.C.1958);
State v. Rutherford, 63 Wash.2d 949, 389 P.2d 895, 954 (1964), overruled
on other grounds State v. Hill, 123 Wash.2d 641, 870 P.2d 313 (1994).  Especially where there is no evidence of a
pending divorce or estrangement between the spouse and the defendant.  Rosales, 748 S.W.2d at 457.  Additionally, the trial judge should consider
the defendant=s income, source of
income, assets, property owned, outstanding obligations, necessary expenses,
and the number and ages of dependents.  Tex. Code Crim. Proc. Ann. art.
26.04(m) (Vernon Supp. 2002).  The trial
judge may consider any other evidence relevant to the issue of indigence.  Gonzales v. State, 8 S.W.3d 679, 680
(Tex. App.BAmarillo 1999, no
pet.).

Finally, even though
there has been retained counsel at the trial, said counsel is not bound to
handle the appeal without a fee.  Conrad
v. State, 537 S.W.2d 755, 757 (Tex. Crim. App. 1976).

C.  Rule 20.2.








A defendant requesting
a reporter's record without charge bears an initial burden of raising the issue
of indigency.  Warminski v. Dear,
608 S.W.2d 621, 622-23 (Tex. Crim. App. 1980); Staten, 662 S.W.2d at
672.  To meet this burden of production,
the defendant must:  (1) exercise due
diligence in asserting his indigence by timely filing the required motion and
affidavit; and, (2) present evidence to sustain the assertion of indigence in
the hearing on the motion.  Tex. R. App. P. 20.2 (motion and
affidavit must be filed within the time for perfecting appeal); Gray,
928 S.W.2d at 562.  Our law is Aunmistakably clear@ that an appellant who
timely files an indigency affidavit has exercised the requisite due
diligence.  Gray, 928 S.W.2d at
562 (citing Abdnor, 712 S.W.2d at 142). 
Once this initial burden of production is met, the onus shifts to the
State to persuade the trial judge that the defendant is not, in fact,
indigent.   If the defendant makes a prima
facie showing of indigency, and the State does not produce evidence to the
contrary, the defendant is entitled to the reporter=s record without
charge.   Snoke, 780 S.W.2d at 213‑214;
Newman, 937 S.W.2d at 3.  Such
allocation of burdens best serves to protect the truly indigent defendant's
right to effective assistance of counsel on appeal.  Snoke, 780 S.W.2d at 213.

IV.  Application and Analysis.

Essentially, appellant
contends the trial judge erred in not following article 26.04 and Rule 20.2,
and requests that we order the trial judge to fully comply with those
provisions.  For the following reasons,
we agree.








As noted above, the
Motion to Withdraw and Request to Proceed in Forma Pauperis specifically
asked the judge to: (1) permit Gaither and Watts to withdraw as counsel of
record; (2) find appellant indigent for the purpose of prosecuting her appeal;
and, (3) appoint counsel to represent appellant on appeal.  We hold this motion/request, supported by an
affidavit and two financial statements, was clearly sufficient to manifest
appellant=s desire to appeal,
and to apprise the trial judge of the need to appoint appellate counsel.  Ward, 740 S.W.2d at 798.  We further hold this document was sufficient
to substantially comply with the requirements of article 26.04. Therefore, the
trial judge was required under article 26.04 to make a determination as to
appellant=s indigency
status.  However, the trial judge wholly
failed to make any inquiry, or to consider any of the factors prescribed by
article 26.04.   See Tex. Code Crim. Proc. Ann. art.
26.04(o) (Vernon Supp. 2002).

Nevertheless, the
trial judge recognized that appellant still needed the assistance of
counsel.  To accomplish this, the trial
judge refused to permit Watts to withdraw. 
This ruling was based upon the faulty premise that since Watts had been
retained as trial counsel he was bound to handle the appeal.  This ruling is clearly wrong, and flies in
the face of Conrad, 537 S.W.2d at 757. 
The trial judge=s ruling is even more
baffling in light of Watt=s self-professed
incompetence.[5]  By failing to comply with article 26.04 and
refusing to permit Watts to withdraw, the trial judge>s actions were
arbitrary, unreasonable, without reference to any guiding rules or principles,
and so clearly wrong as to lie outside the zone of reasonable
disagreement.  Accordingly, we hold the
trial judge abused his discretion.








Rule 20.2 requires
appellant to exercise due diligence in asserting her indigence by timely filing
the required motion and affidavit, and that she present evidence to sustain her
assertion of indigence.  Gray, 928
S.W.2d at 562.  We hold the filing of the
aforementioned motion/request, supporting affidavit, and financial statements
constitutes due diligence.[6]  Id. 
Additionally, we hold that by admitting into evidence her income and
expense summary and net worth statement, appellant sustained her burden of
production and established a prima facie case of indigency.  Because the State produced no evidence
contrary to this prima facie showing, appellant was entitled to have the
reporter=s record furnished at
no charge.  Newman, 937 S.W.2d at
3; Snoke, 780 S.W.2d at 213‑214. 
Consequently, we hold the trial judge abused his discretion in denying
appellant=s request under 20.2.

V.  Conclusion.

Having found the trial
judge abused his discretion in his ruling on appellant=s requests for the
appointment of counsel, and for a free reporter=s record, and on Watts request to withdraw, we
remand this case to the trial court and order the trial judge to immediately
conduct a hearing to comply with article 26.04 and Rule 20.2.[7]









On remand, the trial
court may conclude that appellant is or is not indigent. Scott, 80
S.W.3d at 198.  If the court finds that
she is not indigent, appellant may appeal that determination.  However, if the court finds that appellant is
indigent, the court must appoint counsel and direct the court reporter to file
the reporter's record in the appeal on the merits without charge.  Id. 
If the court so finds, then it shall cause a supplemental clerk's record
to be filed in the appeal on the merits containing a signed, written order or
orders to this effect.  Id.

We reverse the order
appealed from, and remand this cause for further proceedings consistent with
this opinion.  Scott, 80 S.W.3d at
199.

 

 

                                                   


CHARLES
F. BAIRD

Justice

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

31st day of October, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2] The
trial judge who presided over this hearing was not the same trial judge who
presided over appellant=s
trial.





[3]  Article 26.04 was substantially revised by
the 77th Legislature and those revisions became effective January 1, 2002.  To simplify matters, the citations in this
opinion are to the revised statute. 
Other than renumbering the statute, none of the recent revisions affect
our consideration of appellant=s appeal.  Tex.
Code Crim. Proc. Ann. art. 26.04 (Vernon Supp. 2002).





[4]  Subsection (o) goes so far as to suggest the
substantial form for such a statement. 
Despite the plain language of subsection (o), the Court of Criminal
Appeals has held there is no strict requirement that an affidavit be filed so
long as the defendant makes Ahis alleged indigency known
to the trial court in a timely manner.@  Rosales v. State, 748 S.W.2d 451, 454
n. 2 (Tex. Crim. App. 1987) (citing Harriel v. State, 572 S.W.2d 535,
537 (Tex. Crim. App. 1978)).





[5]  The State argues: AIt
does not appear that the trial court >ordered=
Watts to act as counsel on appeal, the court simply refused to allow him to
withdraw as counsel for appellant.@  State=s br. pp. 11-12.  This argument is simply not supported by the
record.  As noted in part I, supra,
the trial judge specifically told Watts he could Ago
look at a law book on how to appeal a case.@  Moreover, since the motion for new trial had
already been denied, we are at a loss as to why Watts would be required to
remain as counsel unless for appellate purposes.





[6]  The State argues the motion/request and
supporting affidavit is not sufficient. 
In support of this argument, the State relies upon Nelson v. State,
6 S.W.3d 722 (Tex. App.BWaco
1999, no pet.).  We disagree for three
reasons.  First, Nelson is not on
point because in that case the defendant failed to file an affidavit.  Id. at 724.  Second, the State did not challenge appellant=s
lack of due diligence in the trial court. 
Therefore, this argument has been waived for appellate purposes.  Skidmore v. State, 808 S.W.2d 708, 710
(Tex. App.BTexarkana
1991, no pet.).  Third, the
motion/request specifically asks the trial judge Ato
find [appellant] indigent for purposes of proceeding to the appeal of her
conviction.@  The motion further refers to the estimated
cost of the reporter=s
record.  The affidavit states she is the
petitioner in the motion/request, and that the information in the income and
expense summary and net worth statements accurately reflects appellant=s
financial status.  We believe the
document is certainly sufficient to establish appellant=s due
diligence.





[7]  If appellant is not represented by retained
counsel at this hearing, the trial judge shall appoint counsel to represent
appellant during this proceeding.