Harvey Leroy Sossamon v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-001-CR

     HARVEY LEROY SOSSAMON, III,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1073-2001-CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Harvey Leroy Sossamon, III of murder. Sossamon pleaded true to
allegations of prior felony convictions enhancing his punishment to that for an habitual offender. 
The jury sentenced him to life imprisonment. Sossamon is representing himself on appeal. See
Sossamon v. State, No. 10-02-231-CR, 2002 WL 31926391 (Tex. App.—Waco Dec. 31, 2002,
order).
      The trial court denied Sossamon’s motion to review the appellate record by order signed on
December 13, 2002. Sossamon filed a notice of appeal on December 20, seeking appellate review
of the trial court’s order. This Court recently addressed a similar situation in an attempted appeal
from the denial of an untimely request for a free appellate record. See Everett v. State, 91 S.W.3d
386 (Tex. App.—Waco 2002, no pet.).
Article V, section 6 of the Texas Constitution invests this Court with jurisdiction
over “all cases of which the District Courts or County Courts have original or appellate
jurisdiction, under such restrictions and regulations as may be prescribed by law.” 
Article 44.02 of the Code of Criminal Procedure provides in pertinent part, “A defendant
in any criminal action has the right of appeal.” Texas courts have consistently construed
article 44.02 to allow an appeal only “from a ‘final judgment [of conviction],’ though the
statute does not contain this limitation on its face.” Benford v. State, 994 S.W.2d 404,
408-09 (Tex. App.—Waco 1999, no pet.) (quoting State v. Sellers, 790 S.W.2d 316, 321
n. 4 (Tex. Crim. App.1990)). This Court has jurisdiction over other types of criminal
appeals only when “expressly granted by law.” Benford, 994 S.W.2d at 409 (quoting
Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App.1991)).
 
A defendant in a criminal case should perfect a separate appeal when a trial court
denies his request for a free appellate record. See Nelson v. State, 6 S.W.3d 722, 726
(Tex. App.—Waco 1999, order, no pet.). However, no statute vests this Court with
jurisdiction over an appeal from an order denying a request for a free copy of the trial
record when such a request is not presented in conjunction with a timely-filed appeal. 
Accordingly, we dismiss this appeal for want of jurisdiction.

Everett, 91 S.W.3d at 386 (other citations omitted).
      The trial court has not denied Sossamon a free appellate record. Thus, this is not the
“separate appeal” contemplated in Nelson. Cf. 6 S.W.3d at 726. No statute vests this Court with
jurisdiction over an appeal from an order denying a pro se request to review the record. In fact,
the record has been provided to Sossamon pursuant to an order issued by this Court in the appeal
from the judgment of conviction. See Sossamon, No. 10-02-231-CR, slip op. at 8, 2002 WL
31926391, at *4.
      Accordingly, we dismiss this appeal for want of jurisdiction.
 
PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed May 14, 2003
Do not publish
[CRPM]