**Ronald Eddie DUNCAN, Appellant,**

v.

**The STATE of Texas, Appellee**

**No. 10–04–00270–CR.**

Court of Appeals of Texas,
Waco.

Jan. 26, 2005.

Ronald Eddie Duncan, Conroe, pro se.

Michael A. McDougal, Montgomery County District Attorney, Conroe, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**ORDER**

PER CURIAM.

Ronald Duncan has appealed his criminal conviction to the Ninth Court of Appeals which sits in Beaumont. Under a docket equalization order from the Texas Supreme Court, his appeal was transferred to this Court. Subsequently, the trial court held an indigence hearing and determined Duncan not to be indigent. Duncan sent a separate notice of appeal in response to the trial court's determination to the trial court clerk.

The trial court clerk, uncertain of what to do with the notice, has forwarded it to this Court.

We were advised that the Beaumont Court of Appeals incorporates this type notice into the existing appeal of the underlying case regarding the appeal of the conviction. In *Nelson*, we adopted a different procedure in which a separately docketed appeal was required when a defendant appealed an adverse indigence determination. *Nelson v. State*, 6 S.W.3d 722, 726 (Tex.App.-Waco 1999, order). We have also recognized, however, that we did not have jurisdiction over an appeal from an adverse indigence determination when not filed in connection with a timely filed notice of appeal in an underlying conviction. *Everett v. State*, 91 S.W.3d 386 (Tex. App.—Waco 2002, no pet.); *Sossamon v. State*, No. 10–03–001–CR, 2003 WL 21100801, *1 (Tex.App.—Waco May 14, 2003, no pet.) (not designated for publication).

We now realize we were incorrect in *Nelson* when we determined that a separately docketed appeal was necessary. In making our determination in *Nelson*, we relied on two previous opinions of this

Court which required a separately docketed appeal of an order denying bail pending appeal. *See Margoitta v. State,* 987 S.W.2d 611, 612 (Tex.App.-Waco 1999, order); *see also Ex parte Enriquez,* 2 S.W.3d 362, 363 (Tex.App.—Waco 1999, no pet.). Our reliance on those cases was misplaced. The Code of Criminal Procedure authorizes a separate appeal of bail pending appeal. TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon Pamp. 2004–2005). The holding in those two cases remain undisturbed by our holding today. But the Code of Criminal Procedure provides no authorization for appeals of adverse indigence determinations to be docketed in the court of appeals separately from the related appeal of the conviction. And because there is no such authorization, we should have looked elsewhere to determine the procedure to follow for docketing a notice of appeal filed when a defendant wants to appeal an adverse indigence determination.

■ Rule 12.2 provides the answer. "All notices of appeal filed in the same case must be given the same docket number." TEX. R. APP. P. 12.2(c). Thus, to the extent that *Nelson* requires a separately docketed appeal in an appeal of an adverse indigence determination, it is overruled. We continue to believe, however, that a separate notice of appeal is required. *Nelson,* 6 S.W.3d at 726.

Therefore, the Clerk of this Court is ordered to file Duncan's notice of appeal from the adverse indigence determination in this cause, which was transferred to this Court under the docket equalization order. We will consider the adverse indigence determination, then reset the appellate timetable accordingly. *Nelson,* 6 S.W.3d at 725.