**Ronald Eddie DUNCAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00270–CR.**

Court of Appeals of Texas, Waco.

Feb. 16, 2005.

Ronald Eddie Duncan, Conroe, pro se.

Michael A. McDougal, Montgomery County Dist. Atty., Conroe, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER ON "PETITION TO DISMISS" AND EACH "WRIT OF ERROR"

TOM GRAY, Chief Justice.

On January 26, 2005, Duncan filed a "Memorandum and Petition to Dismiss for Lack of Subject Matter Jurisdiction" and three writs of error. The "Petition" and each "Writ" is denied.

### SECOND WARNING

On January 5, 2005, this Court warned Duncan that he should file "only those documents necessary to the disposition of his appeal in compliance with the Texas Rules of Appellate Procedure." Duncan was advised that "failure to comply with the rules may result in a conclusion that his appeal lacks merit and is being pursued as an abuse of the judicial process." Duncan was advised that such a determi-

**604**

nation will result in the dismissal of his appeal.

The "Petition" and "Writs" come dangerously close to causing us to dismiss Duncan's appeal. The "Petition" and "Writs" contain no references to the record because the record has not yet been filed. The record has not been filed because Duncan has not paid for the record. Duncan contends that he is unable to pay for the record and is currently appealing a decision, in this appeal, that he is not indigent. *Duncan v. State*, 158 S.W.3d 606 (Tex.App.-Waco 2005, order).

Until the appeal of the trial court's determination that Duncan is not indigent is resolved, pleadings such as those filed on January 26, 2005, are meritless because they cannot reference a record that does not yet exist.

This is our **Second,** and **Final, Warning** to Duncan that documents such as those referred to above should not be filed with this Court. They evidence a total failure by Duncan to comply with the appellate rules or attempt to conform his request for relief to the issues properly before this Court.

In this appeal, we will first address the merits of Duncan's appeal of the trial court's determination that Duncan is not indigent. Upon completion of that portion of the appeal, Duncan can then address the merits of his complaint, once we have the record, in a brief with proper references to the record as required. TEX.R.APP. P. 38.1(h).