

# NUMBER 13-13-00480-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TRACEY MURPHY #835047,**                                                     **Appellant,**

**v.**

**CANDICE MOORE, ET AL**                                                     **Appellees.**

## On appeal from the 36th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Tracey Murphy appeals from an order dismissing his suit against prison officials. By two issues, appellant argues the trial court: (1) abused its discretion in dismissing the suit as frivolous for the failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014

(West, Westlaw through Chapter 46 2015 R.S.); and (2) erred in not conducting a live hearing before dismissing the suit.   We affirm.

## I.  BACKGROUND

Appellant, an inmate at the McConnell Unit in Beeville, filed this action under Texas Civil Practice & Remedies Code Chapter 14 governing inmate litigation.   Through his live pleading, appellant alleges a due process violation and seeks declaratory and injunctive relief relating to the handling of two inmate grievances by the McConnell Unit grievance department.   Appellant alleges that grievance investigators did not interview him or his witnesses, and that "all of the grievances are resolved in the employee[']s favor because the grievance investigator(s) 'fails' to find evidence supporting the [inmate's] complaint." The two inmate grievances at issue concern:   (1) an appeal from a disciplinary charge; and (2) the alleged failure of prison officials to return an attachment to an earlier grievance—a letter from the attorney general.

The Texas Attorney General filed an "Amicus Curiae Chapter 14 Advisory," recommending that appellant's suit be dismissed for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.   The trial court entered a final judgment dismissing appellant's suit "as frivolous and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code."   This appeal followed.[1]

---

[1] On appeal, both parties address various causes of action not raised in appellant's live pleading. Through earlier petitions, appellant raised multiple causes of action relating to the confiscation of appellant's property by prison officials, including: denial of access to courts; violation of the Texas Religious Freedom Restoration Act; theft; retaliation; and denial of due process.   Appellant's second amended petition, however, only alleges a due process violation concerning the handling of his inmate grievances.

An amended petition adds to or withdraws from that which was previously pleaded to correct or to plead new matters and completely replaces and supersedes the previous pleading.   *See* TEX. R. CIV. P. 62; *J.M. Huber Corp. v. Santa Fe Energy Res.*, Inc., 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.]

**II. STANDARD OF REVIEW AND APPLICABLE LAW**

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. A trial court may dismiss a suit under Chapter 14 if it is frivolous, considering whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, no pet.). Generally, we review a trial court's dismissal of a lawsuit under Chapter 14 for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, when a trial court dismisses a claim as frivolous without a hearing, the issue on appeal is limited to whether the claim had no arguable basis in law. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This is a legal issue which we review de novo. *Id.*

---

1994, writ denied) ("An amended petition also supersedes all prior petitions and operates to dismiss parties and causes of action to the extent they are omitted from the amended pleading."). Once a pleading is amended and filed, all prior petitions are superseded, and the previous pleading "shall no longer be regarded as a part of the pleading in the record of the cause." TEX. R. CIV. P. 65; *see Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.—Tyler 2006, no pet.). By amending his pleading to eliminate his earlier causes of action, appellant has effectively abandoned those claims. *See* TEX. R. CIV. P. 65; *Rodarte v. Investco Group, L.L.C.*, 299 S.W.3d 400, 408 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (explaining that the "act of omitting . . . claims from . . . first amended petition effectively nonsuited the claims").

In reviewing the pleadings, we take the inmate's allegations as true and must determine "whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, no pet.). We review pro se pleadings "by standards less stringent than those applied to formal pleadings drafted by lawyers." *Id.* A claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations, or (2) an indisputably meritless legal theory. *Nabelek v. Dist. Attorney of Harris County*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An inmate's claim may not be dismissed merely because the court considers the allegations "unlikely." *Id.*

### III. Dismissal as Frivolous

By his first issue, appellant argues the trial court abused its discretion in dismissing his suit as being frivolous and for failing to comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014. In its amicus curiae brief, the attorney general argues that appellant's claims have no arguable basis in law, but concedes that appellant has otherwise complied with chapter 14 requirements. *See id.* Therefore, we will review appellant's due process claim to determine whether it has an arguable basis in law. *See Moreland,* 95 S.W.3d at 394.

Appellant asserts a due process violation based on the alleged failure of prison officials to follow inmate grievance procedures. Specifically, appellant argues that prison officials sent a copy of the grievance to the "complained of employee" for a response, but that they did not interview the prisoners or their witnesses. Appellant refers to the handling of his grievances as a "mock investigation."

4

Both the federal and state constitutions guarantee due process of law. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19. Due process of law involves both procedural and substantive guarantees. *See, e.g., Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 834 (Tex. App.—Austin 2007, no pet.). Under a procedural or substantive due process claim, a plaintiff must allege a constitutionally protected liberty or property interest. *City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 660 (Tex. App.—Dallas 2008, pet. denied.)

There is no independent constitutional right to state administrative grievance procedures. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that inmates do not have a "legitimate claim of entitlement to a grievance procedure"); *Newby v. Chambers*, No. 14-08-00338-CV, 2009 WL 1416078, at *3 (Tex. App.—Houston [14th Dist.] May 21, 2009, no pet.) (explaining that "an inmate does not have a constitutionally protected right to access a grievance procedure").

A state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) ("A prison grievance procedure . . . does not give rise to a protected liberty interest[.]" (quotation and brackets omitted)); *Flick v. Alba*, 932 F.2d 728,

5

729 (8th Cir. 1991) (per curiam) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").

Furthermore, an inmate does not have a constitutional right in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (explaining that district court did not err in dismissing inmate's claim as frivolous because a prisoner has a liberty interest only in freedoms from restraint that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and does not have a federally protected liberty interest in having these grievances resolved to his satisfaction).

We conclude that appellant's due process claim lacks an arguable basis in law because appellant does not have a constitutional right to inmate grievance procedures. Therefore, the trial court did not abuse its discretion in dismissing appellant's lawsuit as frivolous under chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *Brewer*, 268 S.W.3d at 767. We overrule appellant's first issue.

## IV. HEARING REQUIREMENT

By his second issue, appellant argues that the trial court "erred in not conducting a live hearing . . . before it dismissed [appellant's claims] as frivolous." We disagree.

A trial court has the discretion under Chapter 14 to dismiss an inmate's claim, and the inmate has no right to present evidence or appear in person at a hearing on a motion to dismiss. *Donaldson v. Tex. Dep't of Crim. Justice—Correctional Inst. Div.*, 355

S.W.3d 722, 725 (Tex. App.—Tyler 2011, pet. denied) (evidentiary hearing not required);

*Hamilton v. Pechacek*, 319 S.W.3d 801, 808 (Tex. App.—Fort Worth 2010, no pet.).

(noting inmate had no right to a hearing or to appear at the hearing on a dismissal);

*Spurlock*, 88 S.W.3d at 736 (concluding due process not violated by the trial court's

refusal to conduct a hearing).   We overrule appellant's second issue.

## V. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
30th day of July, 2015.

7