Derrick Jerome CONRAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 52412.

Court of Criminal Appeals of Texas.

June 16, 1976.

Frank L. Supercinski, Longview, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the burglary of a building. Punishment was assessed at five years and a $100.00 fine, probated. A motion for new trial was overruled. Notice of appeal was given September 23, 1975.

Since then the case has quite a history concerning the record and counsel on appeal. Appellant was represented by the Hon. Frank L. Supercinski at the trial.

An application for leave to file for a writ of mandamus has been filed with the Clerk of this Court seeking to compel the Hon. Donald Carroll, Judge of the 7th Judicial District Court of Smith County, to furnish a record upon a pauper's oath by appellant and to permit Supercinski to withdraw as counsel from the case because he was retained only for the trial of the case. A transcript has been forwarded to the Clerk of this Court, but there is no transcription of the court reporter's notes.

A hearing was held on November 7, 1975, on a motion by counsel to withdraw and a hearing on the question of indigency was held November 12, 1975. The evidence adduced at these hearings is before the Court.

Derrick Jerome Conrad testified that his parents had paid his counsel the attorney's fees in two cases. His parents had put up some $16,500 in cash for bail in five or six cases. Appellant himself had paid none of the fees, but he had put up $375 on the bonds. He related that was attending Tyler Junior College with assistance of the "G.I. Bill." The money he paid toward the bail was received from the government. He received $270 a month from the government while he attended school. He had been living with his mother "off and on." He was told that the court reporter's transcript of the proceedings would be approximately $1,000. He related that he had not hired counsel to appeal. It had been explained to him that he had to appeal the cases because he was facing other trials.

Maxine Conrad testified that she was the mother of appellant. She related that except for the amount of money put up by appellant for bail she or Mr. Conrad, appellant's father, put up their property as security and borrowed money to put up for cash bonds and that they were paying interest on the loan at a bank in Longview.

The pauper's oath appearing in the record recites that appellant was nineteen years of age and had an eighth grade formal education and had no training to do anything but common labor. He had passed his "GED" test and was a freshman at Tyler Junior College. The affidavit also recited that he had no funds; his parents were divorced and they had exhausted all their resources.

The application for leave to file for a writ of mandamus contains a copy of a contract dated August 29, 1975, retaining Supercinski to represent appellant in the trial of three cases in the trial court. It is signed by appellant and Arthur Conrad and counsel.

From the record it appears that appellant does not have funds of his own to pay for a

transcription of the court reporter's notes or counsel to represent him on appeal.

■ Parents of appellant are not legally bound to pay for the expenses of an appeal. Even though they put up a cash bail for appellant's appearance, it is not shown that appellant has any way to use those funds.

■ Sometimes parents run out of funds and cannot help a child who has been charged with committing crimes. In some cases parents may have funds but will not furnish them for counsel and for the record. If they have money, this does not mean that a defendant is not indigent.

■ Trial judges are often faced with questions of indigency after bail has been made and after an attorney has been paid a fee. Even though there has been retained counsel at the trial, this does not bind counsel to furnish a record at his own expense or to handle the appeal without a fee. The question of indigency for appeal purposes is to be determined at the time for the appeal and not at the time of the trial.

In *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, the Supreme Court of the United States held that an indigent is entitled to assistance of counsel on appeal. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed.2d 891, held that an indigent is entitled to a free transcript on appeal. See Article 40.09, V.A.C.C.P. In *Simmons v. State*, Tex.Cr.App., 511 S.W.2d 308 (1974), this Court held that because the defendant made a $5,000 appeal bond, that fact alone did not warrant the trial court in refusing to appoint counsel for appellant on appeal in the absence of a hearing. See *Foley v. State*, Tex.Cr.App., 514 S.W.2d 449 (1974).

■ There are not standards set out for guidance to trial judges in determining the actual indigency of a defendant for the purposes of appeal. See Article 40.09(5), V.A.C.C.P. Each case must be decided upon its facts.

■ From this record the appeal must be abated so that the transcription of the court reporter's notes may be made available to appellant as a pauper and so that counsel may be appointed for the appeal.

■ It is not for this Court but for the trial court to appoint counsel on appeal to be paid under the provisions of Article 26.-05, V.A.C.C.P.

Accordingly, the appeal should be abated so that appellant will be provided a record and counsel on appeal. After the approval of the record, the provisions of Art. 40.09, V.A.C.C.P., will apply.

Accordingly, the appeal is abated.[1]

---

1. In view of the disposition of this case, it is not necessary to pass upon the question of mandamus.