**Gerald Dee REDMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–92–00030–CR.**

Court of Appeals of Texas,
El Paso.

June 16, 1993.

Robert Leahey, Odessa, for appellant.

Tracey Bright, County Atty., Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from the conviction for the offense of solicitation of prostitution. The jury assessed punishment at 180 days' probation and a fine of $750. We reverse.

In the Appellant's sole point of error, he asserts the court erred by failing to appoint counsel for the Appellant thereby causing him to proceed pro se at his trial. On August 28, 1991, the Appellant filled out a form entitled, "DECLARATION OF FINANCIAL INABILITY TO EMPLOY COUNSEL". In this form, he indicated that he netted $650 per month and had no other income. He indicated he paid child support for two children. His sole assets were a 1984 Oldsmobile and a watch worth $12.95 and available cash in the amount of $41. He stated that his rent was $150 per month and food, car and some other expense [1] cost him $500 per month. He indicated school expenses of $200 per semester. He stated he was free on a $1,000 bond paid by his brother. He related on the form that he contacted three attorneys and was unable to make arrangements to retain counsel. The form concluded with "I have no ability to obtain credit to raise funds with which to employ an attorney and desire the court to assign an attorney to defend me. I declare under penalty of perjury that the foregoing is true and correct." His signature followed but the signature line under the uncompleted verification clause was unsigned. A notation on the form indicates that his request was denied by someone (we would like to assume by the judge) on the same day it was signed by Appellant although no entry was made on the docket sheet showing that fact or that a

hearing was held or even that a request for appointed counsel had been made.

The docket sheet indicates that the Appellant appeared in person at his arraignment and pled not guilty on August 29, 1991 (the day following his request for appointed counsel). On December 18, 1991, the day of trial, the docket sheet indicates that "Defendant again asked for attorney—denied as there was no new evidence offered and request had already been ruled on." The docket sheet indicates that the Appellant proceeded to represent himself at trial.

On June 8, 1992, a hearing was held in the trial court pursuant to an order from this Court to determine if the Appellant was deprived of a statement of facts for any reason including ineffective assistance of counsel.[2] At this hearing, the Appellant gave more detailed testimony on the statement he filed in August of 1991. He testified that his net income was $661.87 per month with child support previously deducted. His 1984 Oldsmobile had an outstanding lien of $8,750 held by his parents to whom he pays $50 per month when he is able. He estimated the worth of the car at $4,000. He owned a watch worth $12.95 and a high school ring. He owned personal clothing, eating utensils and some tools to work on the car. He stated that his food expenses were approximately $280 to $300 a month and his auto expenses ran $100 per month. Clothing costs were $20 per month. The Appellant paid $16 per month for prescriptions from the Veterans Administration.

When an accused faces the possibility of confinement, he is entitled to be represented by legal counsel and if indigent, he is entitled to appointment of counsel. Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799, 805 (1963); TEX.CODE CRIM.PRO. ANN. art. 1.051 (Vernon Supp.1993); TEX. CODE CRIM.PRO.ANN. art. 26.04 (Vernon 1989).

Article 1.051 reads in pertinent part:

(b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indi-

---

**1.** This item was illegible on the form.

**2.** The Appellant, who now has retained appellate counsel, states that the statement of facts is not necessary to pursue his appeal.

gent" means a person who is not financially able to employ counsel.

(c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. If an indigent defendant is entitled to and requests appointed counsel, the court shall appoint counsel to represent the defendant as soon as possible.

Article 26.04 states in relevant part:

(a) Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

(b) In determining whether a defendant is indigent, the court shall consider such factors as the defendant's income, source of income, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, spousal income, and whether the defendant has posted or is capable of posting bail. The court may not deny appointed counsel to a defendant solely because the defendant has posted or is capable of posting bail.

 There are no standards set out for the guidance of trial judges in making the determination of the indigency of a defendant. *Ex parte Bain*, 568 S.W.2d 356, 361 (Tex.Crim.App.1978). However, in making this determination, the factors in Article 26.04 should be considered. *Id.* The indigency determination is made on a case by case basis as of the time the issue is raised and not as of some prior or future time. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim.App.1988). In situations such as in the existent case, a determination of indigency must be made before the trial commences even though the accused is free on bail. *Ex parte King*, 550 S.W.2d 691, 693 (Tex.Crim. App.1977). The record contains no indication that a hearing was held or what inquiries were made of the Appellant. Further, there is nothing in the record indicating that the Appellant voluntarily waived counsel at trial.

 The State maintains that at the hearing on June 8, 1992, the Appellant was disingenuous in his responses to questions posed by the State and the court. The State asserts that the Appellant's calculations as to his expenses, which reflected costs of visiting and caring for his children during visitation periods, were refuted by the fact that the Appellant had not exercised his full visitation rights with regard to his children. However, it is clear that this was not relevant to the Appellant's situation at the time of trial. In fact, reliance upon the June 8 hearing held approximately six months after the date of trial to determine an appellate issue, is not determinative of the Appellant's situation at trial because it causes this Court to speculate which matters contained in the testimony at the June 8 hearing applied at the time of trial. The situation before us points out the inadvisability in causing an accused to proceed to trial *pro se* due to a determination that the individual is not indigent when the specifics of such determination are not made of record.

 In the record before us, it is clear that the Appellant's application of August 28, 1991 established, absent any indication to the contrary in a hearing of record, that he was indigent and should have been appointed counsel prior to proceeding to trial. Further, we find this not to be harmless error. *Penson v. Ohio*, 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300, 313 (1988). Point of Error No. One is sustained.

The judgment of the trial court is reversed and remanded for new trial, preceded by an appropriate hearing on the record to determine the Appellant's indigency in accordance with the requirements of Articles 1.051 and 26.04.