Adam **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–99–0415–CR.

Court of Appeals of Texas, Amarillo.

Oct. 21, 1999.

---

1. Tex. Bus. & Com.Code Annotated §§ 17.41—17.826 (Vernon 1987 & Pamph. Supp.2000).

Adam Gonzales, pro se.

Ricky B. Smith, Lynn County Dist. Atty., Lamesa, for appellee.

Before BOYD, C.J., QUINN and REAVIS, JJ.

## ABATE AND REMAND

BRIAN QUINN, Justice.

Adam Gonzalez (appellant), allegedly a fourteen year old who has been certified as an adult for purposes of trial, stands accused of murder. On October 11, 1999, we denied appellant's Motion for Appointment of Counsel seeking counsel to assist appellant in his prosecution of an appeal from the trial court's action *viz* a request to reduce bond. The information relied upon to deny the motion was contained in the motion itself. Since then, however, other data has been provided to us contradicting the representations upon which we acted. Thus, in the interest of justice, we now withdraw our October 11, 1999 order denying appellant's motion, abate the appeal, remand the cause to the 106th Judicial District Court of Lynn County (district court), and order the district court to immediately notice and conduct a hearing to determine:

1) whether appellant wishes to pursue this appeal;

2) whether appellant is indigent;

3) whether appellant has retained counsel to prosecute this appeal; and

4) if appellant is indigent, whether he is entitled to appointed counsel on appeal.

■ In determining indigency, the court shall consider the factors set forth in art. 26.04(b) of the Texas Code of Criminal Procedure. *Redman v. State*, 860 S.W.2d 491, 493 (Tex.App.—El Paso 1993, no writ). So too may it consider any other evidence relevant to the issue of whether appellant "is not financially able to employ counsel." *See* TEX. CODE CRIM.PROC.ANN. art. 1.051(b) (Vernon Supp.1999) (defining an indigent as one "who is not financially able to employ counsel"); *Conrad v. State*, 537 S.W.2d 755, 757 (Tex.Crim.App.1976) (noting that there are no standards set out for the guidance of trial courts in determining indigency). That the juvenile court allegedly waived its jurisdiction over appellant thereby requiring appellant to "be dealt with as an *adult* and in accordance with the Code of Criminal Procedure," TEX.FAM. CODE ANN. § 54.02(h) (Vernon 1996) (emphasis added), is another factor worthy of consideration. *See Conrad v. State*, 537 S.W.2d at 757 (stating that a parent is not obligated to pay for expenses on appeal).[1] However, that appellant previously retained counsel to defend him at trial is not alone determinative, *id.*, given that indigency must be assessed at the time the issue arises. *Redman v. State*, 860 S.W.2d at 493.

---

1. To the extent that the appellant in *Conrad* was attending college, he was apparently over the age of minority. Thus, question exists as to whether *Conrad* would control where the accused is a minor over whom the juvenile court has not waived jurisdiction. *See* TEX. FAM. CODE ANN. § 51.10(f) (Vernon 1996) (stating that the financial status of a minor's parents shall be considered when determining whether a minor is entitled to appointed counsel during a delinquency proceeding).

We further direct the district court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above. Should the district court find that appellant desires to pursue his appeal, is without legal representation, and is indigent, then we further direct the court to appoint counsel to assist in the prosecution of the appeal and to order that a transcript of the trial court proceedings be provided to appellant free of charge. The name, address, phone number, telefax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the district court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter and, 2) a reporter's record transcribing the evidence and argument presented at the hearing on this matter. Additionally, the district court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before November 22, 1999. Should additional time be needed to perform these tasks, the district court may request same on or before November 22, 1999.

It is so ordered.