NO. 07-02-0152-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A



SEPTEMBER 12, 2003



______________________________




JESSE LEE ESPY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 42,853-D; HONORABLE JOHN FORBIS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Jesse Lee Espy filed a Motion to Dismiss Appeal on August 26, 2003,
averring that he no longer wishes to prosecute his appeal. The Motion to Dismiss is
signed by appellant. Appellant's attorney concurred with the Motion to Dismiss in a letter
to this court filed September 8, 2003. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed
the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice


























Do not publish.



ft;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-09-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2009
                                       ______________________________

TAYLOR K. DURANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2008-452,073; HONORABLE LARRY B. “RUSTY” LADD, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Appellant, Taylor K. Durant, perfected appeal from a judgment based on a jury’s
verdict of conviction for the offense of driving while intoxicated and jury-assessed
punishment of 10 days confinement in the Lubbock County Jail and fine of $1,000
probated for 16 months. Appellant’s notice of appeal was filed pro se. 
          Under the authority of Texas Rule of Appellate Procedure 6.3(b), this Court has sent
correspondence relating to this appeal to appellant’s retained trial counsel. See Tex. R.
App. P. 6.3(b). In response to receipt of this correspondence, appellant’s trial counsel has
filed a nonrepresentation notice under Texas Rule of Appellate Procedure 6.4(a).


 See
Tex. R. App. P. 6.4(a). Because this Court is left to speculate as to whom it is to
correspond with and who will take the necessary actions to advance this appeal,


 we will
abate and remand this cause to the trial court for further proceedings.
          On remand, the County Court at Law, Number One, of Lubbock County, Texas, is
directed to immediately notice and conduct a hearing to determine:
1) whether appellant wishes to pursue this appeal;
2) whether appellant is indigent;
3) whether appellant has retained counsel to prosecute this appeal; and
4) if appellant is indigent, whether he is entitled to appointed counsel on
appeal and a free appellate record.
          In determining indigency, the court shall consider the factors set forth in article
26.04(b) of the Texas Code of Criminal Procedure. See Gonzales v. State, 8 S.W.3d 679,
680 (Tex.App.–Amarillo 1999, no pet.). Further, that appellant previously retained counsel
to defend him at trial is not alone determinative of whether he is indigent since indigency
must be assessed at the time the issue arises. Id.
          We further direct the court to issue findings of fact and conclusions of law
addressing the subjects numerically itemized above. Should the county court find that
appellant desires to pursue his appeal, is without legal representation, and is indigent, then
we further direct the court to appoint counsel to assist in the prosecution of the appeal and
to order that a transcript of the trial court proceedings be provided to appellant free of
charge. The name, address, phone number, telefax number, and state bar number of the
counsel who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the county court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and all orders of the county court issued as a result of its hearing on this matter and
2) a reporter's record transcribing the evidence and argument presented at the hearing on
this matter. Additionally, the county court shall cause the supplemental clerk's record to
be filed with the clerk of this court on or before January 4, 2010. Should additional time
be needed to perform these tasks, the county court may request same on or before
January 4, 2010.
          It is so ordered.
                                                                           Per Curiam
 
Publish.