NO. 07-07-0350-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2007

_____

LEONESEO SANCHEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,449; HON. JIM BOB DARNELL, PRESIDING

_____

***Abatement and Remand***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is a motion to withdraw as counsel filed by appellant's attorney. In the motion, counsel represents that appellant is unable to pay for the reporter's record or "comply with the terms of the employment agreement [for the attorney's] services." Furthermore, appellate counsel requests that he be permitted to

withdraw and allow other counsel to be appointed on appeal. Therefore, we grant counsel's motion to withdraw, abate the appeal, remand the cause to the 140th Judicial District Court of Lubbock County (district court), and order the district court to immediately notice and conduct a hearing to determine:

1) whether appellant wishes to pursue this appeal;

2) whether appellant is indigent;

3) whether appellant has retained counsel to prosecute this appeal; and

4) if appellant is indigent, whether he is entitled to appointed counsel on appeal and a free appellate record.

In determining indigency, the court shall consider the factors set forth in art. 26.04(b) of the Texas Code of Criminal Procedure. *See Gonzales v. State*, 8 S.W.3d 679, 680 (Tex. App.–Amarillo 1999, no pet.). So too may it consider any other evidence relevant to the issue of whether appellant "is not financially able to employ counsel." *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(b) (Vernon 2005) (defining an indigent as one "who is not financially able to employ counsel"); *Conrad v. State*, 537 S.W.2d 755, 757 (Tex. Crim. App. 1976) (noting that there are no standards set out for the guidance of trial courts in determining indigency). However, that appellant previously retained counsel to defend him at trial is not alone determinative, *id.*, given that indigency must be assessed at the time the issue arises. *Gonzales v. State*, 8 S.W.3d at 680.

We further direct the district court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above. Should the district court find that appellant desires to pursue his appeal, is without legal representation, and is indigent, then we further direct the court to appoint counsel to assist in the prosecution of the appeal and

2

to order that a transcript of the trial court proceedings be provided to appellant free of charge. The name, address, phone number, telefax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the district court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter and, 2) a reporter's record transcribing the evidence and argument presented at the hearing on this matter. Additionally, the district court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before November 12, 2007. Should additional time be needed to perform these tasks, the district court may request same on or before November 12, 2007.

It is so ordered.

Per Curiam

Do not publish.