NO. 07-07-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2007
_____

FRANK HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW OF COMAL COUNTY;

NO. 2005CR2133; HONORABLE RANDAL C. GRAY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Frank Herrera appeals his conviction for theft of services. For the reasons that follow, we abate the appeal and remand the case to the trial court with instructions.

In a case bearing trial court cause number 2005 CR 2133, appellant was convicted by a jury of theft of services of $500 or more but less than $1,500, on June 1, 2007. The court modified its judgment on June 4, 2007, to reflect an amount of restitution. In a certification of appellant's right of appeal pursuant to Rule of Appellate Procedure 25.2, dated May 31, 2007, the court certified that this was not a plea-bargained case and

appellant had the right of appeal. From the limited documentation provided us, it appears appellant's notice of appeal was filed on June 14, 2007.

On August 29, 2007, the trial court signed a second appellate certification in cause number 2005 CR 2133. According to this document appellant "waives appeal in this case as part of agreement in case 2005 CR 2132." Also on August 29, 2007, appellant, appearing *pro se*, filed a printed document in this Court denominated "Petition for Discretionary Review," and a handwritten motion for appointment of appellate counsel, in which he asserts he is indigent. Appellant filed a second "Petition for Discretionary Review" in this Court on October 15, 2007. The clerk's record and reporter's record have not been filed nor have the clerk or reporter requested an extension of time for preparation of the record.

Referring again to the limited documentation before us, it indicates on August 29, 2007, appellant reached a plea agreement in cause number 2005 CR 2132, and that part of the agreement required dismissal of the instant appeal. While the filing of an amended certification to correct a "defect or omission in an earlier filed . . . certification" is authorized, Tex. R. App. P 25.2(f), the appellate rules do not authorize a trial court to cause dismissal of a pending appeal through a certification amended to effect a plea bargain in another case. Voluntary dismissal of appeal in a criminal case is accomplished by a written motion to dismiss signed by the appellant and his attorney. Tex. R. App. P. 42.2(a).

Given the conflicting certifications, the absence of an appellate record, appellant's claim of indigency and his request for appellate counsel, we abate the appeal, remand the

cause to the County Court at Law for Comal County, Texas, and direct that court immediately to notice and conduct a hearing to determine:

(1) whether appellant wishes to pursue this appeal;

(2) the correct appellate certification;

(3) whether appellant is indigent;

(4) whether appellant has retained counsel to prosecute this appeal; and

(5) if appellant is indigent, whether he is entitled to appointed counsel on appeal and a free appellate record.

In determining indigency, the trial court shall consider the factors listed in section 26.04(m) of the Texas Code of Criminal Procedure.[1] *See Gonzales v. State,* 8 S.W.3d 679, 680 (Tex.App.–Amarillo 1999, no pet.). The trial court may also consider any additional evidence relevant to the issue of whether appellant "is not financially able to employ counsel." *See* Tex. Code Crim. Proc. Ann. art. 1.051(b) (Vernon 2005) (defining an indigent as one "who is not financially able to employ counsel"). Indigency must be assessed at the time the issue arises. *Gonzales,* 8 S.W.3d at 680.

We further direct the trial court to issue findings of fact and conclusions of law addressing the subjects itemized above. Should the trial court find the correct appellate certification is that appellant has a right to appeal, and that appellant desires to pursue his appeal, is without legal representation, and is indigent, then we further direct the trial court to appoint counsel to prosecute the appeal and to order that a record of the trial court

---

[1] Tex. Code Crim. Proc. Ann. art. 26.04(m) (Vernon Supp. 2006).

proceedings be provided to appellant free of charge.  If appointed, the name, address, telephone number, fax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the trial court's findings of fact and conclusions of law.

Additionally, the trial court shall have prepared: (1) a supplemental clerk's record containing the findings of fact and conclusions of law and each order it issued as a result of the hearing of this matter and, (2) a reporter's record transcribing the evidence and argument presented at the hearing on this matter. The trial court shall have the supplemental clerk's record filed with the clerk of this Court on or before November 20, 2007.  Should additional time be required to perform these tasks, the trial court may request same on or before November 20, 2007.

It is so ordered.

Per Curiam

Do not publish.