NO. 07-09-0203-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2009
_____

XAN ROSS ORMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,237; HONORABLE DAVID L. GLEASON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant was sentenced in open court on May 26, 2009. His retained trial counsel filed notice of appeal after the trial court issued a certification of his right to appeal, on June 16. Now pending before the Court is counsel's motion to withdraw. In the motion, counsel represents he has not been employed to represent appellant in the appeal of his conviction, appellant has not communicated with counsel regarding the appeal, and appellant has not provided funds for the appeal. Finding counsel's motion substantially complies with Rule of Appellate Procedure 6.5, we grant the motion to withdraw.

Neither a clerk's nor a reporter's record has been filed. Also pending before the Court is the court reporter's request for an extension of time to file the reporter's record, until September 27, 2009. The request is granted.

Finally, we abate the appeal, and remand the cause to the 181st Judicial District Court of Potter County for further proceedings. On remand, the trial court shall utilize whatever means it finds necessary to determine:

1) whether appellant wishes to pursue the appeal;

2) whether appellant is indigent;

3) whether appellant has retained counsel to prosecute the appeal; and

4) if appellant is indigent, whether he is entitled to appointed counsel on appeal and a free appellate record.

In determining indigency, the court shall consider the factors set forth in article 26.04(m) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.04(m) (Vernon 2009); *Gonzales v. State*, 8 S.W.3d 679, 680 (Tex.App.–Amarillo 1999, no pet.). So too may it consider any other evidence relevant to the issue of whether appellant "is not financially able to employ counsel." *See* Tex. Code Crim. Proc. Ann. art. 1.051(b) (Vernon 2005) (defining an indigent as one "who is not financially able to employ counsel"); *Conrad v. State*, 537 S.W.2d 755, 757 (Tex.Crim.App.1976) (noting the absence of a standard for determinations of indigency). However, that appellant previously retained counsel to represent him at trial is not alone determinative, *Conrad,* 537 S.W.2d at 757,

given that indigency must be assessed at the time the issue arises. *Gonzales,* 8 S.W.3d at 680.

We further direct the district court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above. Should the district court find that appellant desires to pursue his appeal, is without legal representation, and is indigent, then we further direct the court to appoint counsel to assist in the prosecution of the appeal and to order that a transcript of the trial court proceedings be provided to appellant free of charge. The name, address, phone number, fax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the court's appointment order.  Furthermore, the district court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and any orders of the district court issued on remand and, 2) a reporter's record transcribing the evidence and argument presented at any hearing held on remand. Additionally, the district court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before September 25, 2009.

It is so ordered.

Per Curiam

Do not publish.

3