NO. 07-09-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2009
_____

TAYLOR K. DURANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2008-452,073; HONORABLE LARRY B. "RUSTY" LADD, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Taylor K. Durant, perfected appeal from a judgment based on a jury's verdict of conviction for the offense of driving while intoxicated and jury-assessed punishment of 10 days confinement in the Lubbock County Jail and fine of $1,000 probated for 16 months. Appellant's notice of appeal was filed *pro se*.

Under the authority of Texas Rule of Appellate Procedure 6.3(b), this Court has sent correspondence relating to this appeal to appellant's retained trial counsel. See TEX. R. APP. P. 6.3(b). In response to receipt of this correspondence, appellant's trial counsel has

filed a nonrepresentation notice under Texas Rule of Appellate Procedure 6.4(a).[1]  See TEX. R. APP. P. 6.4(a).  Because this Court is left to speculate as to whom it is to correspond with and who will take the necessary actions to advance this appeal,[2] we will abate and remand this cause to the trial court for further proceedings.

On remand, the County Court at Law, Number One, of Lubbock County, Texas, is directed to immediately notice and conduct a hearing to determine:

1) whether appellant wishes to pursue this appeal;

2) whether appellant is indigent;

3) whether appellant has retained counsel to prosecute this appeal; and

4) if appellant is indigent, whether he is entitled to appointed counsel on appeal and a free appellate record.

In determining indigency, the court shall consider the factors set forth in article 26.04(b) of the Texas Code of Criminal Procedure.  See Gonzales v. State, 8 S.W.3d 679, 680 (Tex.App.–Amarillo 1999, no pet.).  Further, that appellant previously retained counsel to defend him at trial is not alone determinative of whether he is indigent since indigency must be assessed at the time the issue arises.  Id.

---

[1] This nonrepresentation notice does not comply with the requirements of the Rule because it is not signed by appellant.  See TEX. R. APP. P. 6.4(a)(4).  However, as we will abate and remand this matter for further proceedings, we will accept the notice as sufficient.  See TEX. R. APP. P. 2.

[2] While appellant has a right to represent himself on appeal, he should be made aware of the dangers and disadvantages of self-representation and the record should establish that appellant's invocation of his right to self-representation was made knowingly and voluntarily.  See Goffney v. State, 843 S.W.2d 583, 584-585 (Tex.Crim.App. 1992).  Thus, we conclude that more is required to invoke an appellate right to self-representation than simply filing a *pro se* notice of appeal.

We further direct the court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above. Should the county court find that appellant desires to pursue his appeal, is without legal representation, and is indigent, then we further direct the court to appoint counsel to assist in the prosecution of the appeal and to order that a transcript of the trial court proceedings be provided to appellant free of charge. The name, address, phone number, telefax number, and state bar number of the counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the county court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the county court issued as a result of its hearing on this matter and 2) a reporter's record transcribing the evidence and argument presented at the hearing on this matter. Additionally, the county court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before January 4, 2010. Should additional time be needed to perform these tasks, the county court may request same on or before January 4, 2010.

It is so ordered.

Per Curiam

Publish.