Manuel VILLEGAS, Appellant,

v.

Heidi Henke MORSE, Appellee.

No. 10–06–00237–CV.

Court of Appeals of Texas,
Waco.

Sept. 13, 2006.

Steven S. Reilley, Thompson & Reilley PC, Houston, for appellant.

Bennie D. Rush, Houston, for appellee.

## DISSENTING OPINION

TOM GRAY, Chief Justice.

It is undisputed that we have no jurisdiction in this appeal. The majority concedes in the Abatement Order that the judgment of the trial court does not address all of the claims that were pending in the trial court. Notwithstanding that they make this concession, fully acknowledging that the judgment does not dispose of the merits of those claims, they refuse to acknowledge that this deprives us of jurisdiction to do anything beyond determining that we have no jurisdiction of the merits of this appeal. For some reason, the majority has become confused between (1) what occurs when the trial court signed the judgment the trial court intended, which rules on all the issues the trial court intended to rule on, but that judgment does not achieve the result of being a final judgment as the judge intended, versus (2) a judgment by a trial court that simply does not reflect the judgment the trial court actually rendered. The majority has begun to use the abatement process to allow the trial court to make additional rulings, ruling on issues not previously addressed or decided by the trial court. These new rulings may make a judgment final but the abatement process was not contemplated to be used for making rulings on claims that were not previously addressed, even if the trial court thought, albeit erroneously, that the result of its prior ruling was a final judgment.

I would dismiss this appeal for want of jurisdiction and await the time with patience until a final judgment has been signed by the trial court. Until that final judgment is actually signed, the trial court has the jurisdiction to deal with this case as it sees fit, considering motions for new trial and reconsideration, etc.[1]

I certainly would not take the dictatorial position of ordering the trial court to sign a final judgment in 30 days. What should we do if the trial court decides to set aside the prior interlocutory order? This is not a mandamus proceeding.

I dissent to abating this case and ordering the trial court to rule on previously undecided issues within 30 days so that we will have jurisdiction in an appeal where it does not otherwise exist.

1. Villegas has filed a petition for writ of mandamus, case number 10–06–00242–CV, in which he seeks an order compelling the trial court to vacate a determination holding it had no jurisdiction to consider a motion for new trial. We should deal with that petition and this attempted appeal together. This is particularly apparent when you learn that it is the record filed by Villegas in the mandamus proceeding the majority is relying on in this appeal for this abatement order. By the majority's statement in its abatement order, it appears they agree with the merits of the petition—because, based on the majority's abatement order, the trial court does have jurisdiction to consider the motion for new trial filed by Villegas.