**Manuel VILLEGAS, Appellant,**

v.

**Heidi Henke MORSE, Appellee.**

**No. 10–06–00237–CV.**

Court of Appeals of Texas,
Waco.

Jan. 24, 2007.

Steven S. Reilley, Thompson & Reilley PC, Houston, for appellant.

Bennie D. Rush, Huntsville, for appellee.

**DISSENTING OPINION**

TOM GRAY, Chief Justice, dissenting.

Villegas was sued by Morse. The trial court rendered an order that clearly did not dispose of all of Morse's claims. In recognition that the order rendered by the trial court was interlocutory because it did not dispose of all the claims of Morse, a majority of the Court abated this appeal on September 13, 2006 for entry of a final judgment that did address all of Morse's claims against Villegas. *Villegas v. Morse,* No. 10–06–00237–CV, 2006 WL 2641000, 2006 Tex.App. LEXIS 8150 (Tex.App.-Waco Sept. 13, 2006, order) (not designated for publication). I dissented. *Id.* I strongly believed that the proper disposition was to dismiss the appeal for want of jurisdiction. *Id.* at *3.

Nevertheless, the appeal was abated, and the trial court has rendered what appears to be a final judgment and has also denied a motion for new trial. A second notice of appeal filed by Villegas has now been filed and docketed as appeal number 10–06–00415–CV. As explained below, because we already had this appeal, which arose from the same underlying case, the new notice of appeal should have been filed in this appeal, 10–06–00237–CV, *Villegas v. Morse,* rather than being assigned a new docket number.

The proper procedure to be followed when multiple notices of appeal from the same case are filed is an issue we have faced before. *Pettit v. Dowell,* No. 10–01–00420–CV, 2005 WL 1907101, *6, 2005 Tex. App. LEXIS 6355, *21 (Tex.App.-Waco Aug. 10, 2005, no pet.) (Gray, C.J., dissenting); *Texas A & M University v. Bading,* No. 10–05–00139–CV (Tex.App.-Waco July 27, 2005, order) (not designated for publication); *Providence Health Ctr. v. Dowell,* 167 S.W.3d 48, 61 (Tex.App.-Waco 2005, pet. filed) (Gray, C.J., dissenting); *Duncan v. State,* 158 S.W.3d 606, 607 (Tex. App.-Waco 2005, order); *In the Interest of S.H.,* 110 S.W.3d 53, 55 (Tex.App.-Waco 2002, no pet.). But due to an internal miscommunication, and operating under the belief that the earlier filed appeal had been fully disposed of, the clerk's office was told that the new notice of appeal should be docketed as a new appeal. However, the first appeal had not been disposed of; it had only been, over my objection that it should have been dismissed, abated. But because the new notice of appeal was filed in the same underlying case, it should have been filed under the same docket number on appeal. *See* Tex.R.App. P. 12.2(c).

After all, to get a final judgment was the purported purpose of the abatement order rather than dismissing the earlier appeal of the interlocutory order. *Villegas v. Morse,* No. 10–06–00237–CV, 2006 WL 2641000, 2006 Tex.App. LEXIS 8150 (Tex. App.-Waco Sept. 13, 2006, order) (not designated for publication). If the appeal had not been abated for this express purpose, and instead had been dismissed for want of jurisdiction, the filing of the notice of ap-

peal and assigning it a new docket number would have been consistent with what had been done before in other appeals. But due to the abatement order, rather than a dismissal, the earlier appeal was still pending; so the proper thing to do now is file this second notice of appeal under the original docket number.

A dismissal of the earlier appeal would confirm the propriety of the arguments for dismissal in my earlier dissenting opinion but would now make a mockery of the rules of appellate procedure. Given the current posture into which the majority forced these parties, I would apply the rules by filing the new notice of appeal in the original docket number, 10–06–00237–CV, and administratively close appeal 10–06–00415–CV.

The notice to the parties to show grounds for continuing this appeal, 10–06–00237–CV, would be unnecessary if the new notice of appeal is simply filed in the proper appeal. I believe our docketing error should be corrected first. Thus, I dissent to the sending of the referenced notice.[1]

### APPENDIX

January 24, 2007

Steven S. Reilley

Thompson & Reilley, PC

600 Travis Street, Suite 7350

Houston, TX 77002

    **RE:** Court of Appeals Number: 10–06–00237–CV

    Trial Court Case Number: 8080CV

    **STYLE:** Manuel Villegas

    v.

    Heidi Henke Morse

In a September 13, 2006 order, this Court abated this appeal for entry of a final

judgment that addressed all of Appellee's claims. It appears to the Court that the trial court has entered an October 3, 2006 Order on Plaintiff's Motion for Default Judgment and that Appellant has filed a notice of appeal of that Order and a December 18, 2006 order denying a new trial.

**Therefore, the Court may dismiss this appeal unless, within 14 days from the date of this letter, a response is filed showing grounds for continuing this appeal.**

    Sincerely,

    Sharri Roessler, Clerk

————

    By: Nell Hegefeld, Deputy Clerk

CC: Bennie D. Rush

---

1. The notice is attached to this dissenting opinion as an appendix.