

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00111-CV

## IN THE INTEREST OF H.L.H. AND A.H., CHILDREN

**From the 413th District Court
Johnson County, Texas
Trial Court No. DC-D201500336**

## MEMORANDUM OPINION

The parties have filed an agreed motion to abate appeal. The motion asserts that the judgment being appealed is interlocutory and not a final judgment because a plea in intervention remains pending in the case. The motion requests that we abate the appeal so that the trial court can sever the plea in intervention and thus make the judgment final.

This Court has no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015). None of the exceptions to the rule that only final judgments can be appealed applies in this case. *See id.* § 51.014 (West Supp. 2015) (listing interlocutory judgments that may be appealed before final judgment is rendered in the case).

Because there is no final judgment and the order being appealed is indisputably interlocutory, we lack jurisdiction. And because we lack jurisdiction, we cannot abate this appeal.[1] This appeal is therefore dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a). The agreed motion to abate appeal is dismissed as moot.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed June 9, 2016
[CV06]



---

[1] We overrule prior decisions that abated (rather than dismissed) the appeal in cases where we lacked jurisdiction because the order or judgment being appealed was indisputably interlocutory. *See, e.g., Harrison v. TDCJ-ID,* 134 S.W.3d 490 (Tex. App.—Waco 2004, order); *Villegas v. Morse,* No. 10-06-00237-CV, 2006 WL 2641000 (Tex. App.—Waco Sept. 13, 2005, order); *Mullins v. Ortiz,* No. 10-08-00225-CV, 2009 WL 1176922 (Tex. App.—Waco Apr. 29, 2009, order).