NUMBER 13-05-690-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

SERGIO DANIEL GONZALES, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

 ____________________________________________________________


On appeal from the 197th District Court of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justices Yañez, Garza, and Benavides


Memorandum Opinion Per Curiam 


 Appellant, Sergio Daniel Gonzales, was convicted of aggravated assault and
evading arrest. He timely filed his notice of appeal on November 2, 2005, together with a
motion for a free record. On November 29, the trial court denied appellant's motion for a
free record. Appellant thereafter, on February 16, filed a separate notice of appeal of the
trial court's denial of his motion for a free record. Currently before the Court is the State's
motion to dismiss the appeal regarding a free record. According to the State, appellant's
notice of appeal was untimely. We agree with the State, and accordingly, grant its motion
to dismiss appellant's appeal of the trial court's denial of his motion for a free record. 

 A timely notice of appeal is required to invoke our jurisdiction. Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996). The notice of appeal is timely if filed within thirty days after the
sentence is imposed or suspended in open court, or within ninety days after sentencing if
the defendant files a motion for a new trial. Tex. R. App. P. 26.2(a); see Olivo, 918 S.W.2d
at 522. We do not have jurisdiction over an appeal from an adverse indigence
determination when not filed in connection with a timely filed notice of appeal in an
underlying conviction. Everett v. State, 91 S.W.3d 386 (Tex. App.-Waco 2002, no pet.). 
A separate notice of appeal is required to appeal the denial of indigency. Duncan v. State,
158 S.W.3d 606, 607 (Tex. App.-Waco 2005, no pet.); Nelson v. State, 6 S.W.3d 722
(Tex. App.-Waco 1999, order). 

 We may consider a late notice of appeal where (1) it is filed within fifteen days of the
last day allowed for filing, (2) a motion for an extension of time is filed within the fifteen
days, and (3) we grant the motion. See Tex. R. App. P. 26.3; see also Olivo, 918 S.W.2d
at 522. 

 In the instant case, appellant's notice of appeal of the indigency finding was untimely
and no motion for extension of time was filed within the requisite period. Because this
court has no authority to allow the late filing of a notice of appeal except as provided by
Rule 26.3, the appeal must be dismissed. See Slaton, 981 S.W.2d at 210. 

 Accordingly, the appeal of the trial court's denial of a free record is DISMISSED for
lack of jurisdiction. (1)
 Appellant's appeal of his conviction is ORDERED severed and will be
assigned cause number 13-08-057-CR. The Clerk of this Court shall transfer all relevant
pleadings and records from this cause number to cause number 13-08-057-CR. Appellant
must request and pay or make arrangements to pay for preparing the appellate record, and
notify this Court of the date on which he has done so, within 30 days of the date of this
opinion. Otherwise, the appeal will be dismissed. See Tex. R. App. P. 37.1, 44.3. 

 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 29th day of May, 2008. 





1. The procedures for pursuing an out-of-time appeal are delineated in article 11.07 of the code of criminal
procedure. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); see also Olivo v. State, 918 S.W.2d
519, 525 n.8 (Tex. Crim. App. 1996).