

## NUMBER 13-05-690-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

SERGIO DANIEL GONZALES,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

On appeal from the 197th District Court  of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justices Yañez, Garza, and Benavides
Memorandum Opinion Per Curiam**

Appellant, Sergio Daniel Gonzales, was convicted of aggravated assault and evading arrest.  He timely filed his notice of appeal on November 2, 2005, together with a motion for a free record.  On November 29, the trial court denied appellant's motion for a free record.  Appellant thereafter, on February 16, filed a separate notice of appeal of the

trial court's denial of his motion for a free record. Currently before the Court is the State's motion to dismiss the appeal regarding a free record. According to the State, appellant's notice of appeal was untimely. We agree with the State, and accordingly, grant its motion to dismiss appellant's appeal of the trial court's denial of his motion for a free record.

A timely notice of appeal is required to invoke our jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The notice of appeal is timely if filed within thirty days after the sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant files a motion for a new trial. TEX. R. APP. P. 26.2(a); *see Olivo*, 918 S.W.2d at 522. We do not have jurisdiction over an appeal from an adverse indigence determination when not filed in connection with a timely filed notice of appeal in an underlying conviction. *Everett v. State*, 91 S.W.3d 386 (Tex. App.–Waco 2002, no pet.). A separate notice of appeal is required to appeal the denial of indigency. *Duncan v. State*, 158 S.W.3d 606, 607 (Tex. App.–Waco 2005, no pet.); *Nelson v. State*, 6 S.W.3d 722 (Tex. App.–Waco 1999, order).

We may consider a late notice of appeal where (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for an extension of time is filed within the fifteen days, and (3) we grant the motion. *See* TEX. R. APP. P. 26.3; *see also Olivo*, 918 S.W.2d at 522.

In the instant case, appellant's notice of appeal of the indigency finding was untimely and no motion for extension of time was filed within the requisite period. Because this

court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed.  *See Slaton*, 981 S.W.2d at 210.

Accordingly, the appeal of the trial court's denial of a free record is DISMISSED for lack of jurisdiction.[1]  Appellant's appeal of his conviction is ORDERED severed and will be assigned cause number 13-08-057-CR.  The Clerk of this Court shall transfer all relevant pleadings and records from this cause number to cause number 13-08-057-CR.  Appellant must request and pay or make arrangements to pay for preparing the appellate record, and notify this Court of the date on which he has done so, within 30 days of the date of this opinion.  Otherwise, the appeal will be dismissed.  *See* TEX. R. APP. P. 37.1, 44.3.

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 29th day of May, 2008.

---

[1] The procedures for pursuing an out-of-time appeal are delineated in article 11.07 of the code of criminal procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *see also Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996).