

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00487-CR

CHRISTOPHER ADRIAN MILLER                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Adrian Miller appeals his convictions of four counts of aggravated sexual assault of his daughter Madison.[2] We affirm in part and reverse and render in part.

---

[1]*See* Tex. R. App. P. 47.4.

[2]To protect the anonymity of the child in this case, we will use aliases to refer to some of the individuals named herein. *See Daggett v. State*, 187 S.W.3d

## Background Facts

In late November 2011, Denise Callahan, then a detective with the White Settlement Police Department, received a report from the Department of Family and Protective Services concerning Appellant. Detective Callahan telephoned Appellant, and he agreed to come to the police station for an interview. In the interview, Appellant admitted to three sexual interactions with his three-month-old daughter. The first instance occurred around September 6, 2011. Appellant was watching a pornographic movie while holding Madison on his lap. She reached for his erect penis, and he "stuck [his] penis to her mouth." In the second instance, on or about September 18, 2011, he "more intentional[ly]" allowed Madison to suck on his penis. The third instance occurred on or about September 24, 2011, when Appellant was changing Madison's diaper on a changing table in her nursery. He "notice[d] that the height of the changing table was the right height for [him] to put [his] penis under her," so he placed his penis "under her butt cheeks and moved back and forth." He pulled away and ejaculated onto the floor of the nursery. Appellant eventually admitted what he had done to his wife and some church members. Some of the church members then informed the police.

---

444, 446 n.3 (Tex. Crim. App. 2005); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Detective Callahan went to Appellant's house, where she spoke to Appellant's wife, Stacy. Callahan asked Stacy's permission to search the house. Stacy agreed and signed a "permission to search" form.

A crime scene technician used a black light in the nursery. The black light revealed stains on the floor near the changing table where Appellant stated he had ejaculated. Callahan then asked Stacy's permission to remove a section of the carpet for testing "out of courtesy, because it was a rent[al] house." Callahan wrote on the permission to search form, "Removed sample of carpet out of [Madison]'s room," and Stacy signed next to the notation.

A few days later, Appellant called Callahan and said that he had "remembered a fourth incident and that he would like to come talk to [her] about some additional information." Appellant returned to the police station and confessed to having "placed [his] penis on [Madison's] vagina," taking a photograph of it with his cellphone, and "immediately delet[ing] it." He gave Callahan his laptop computer that he said he had used to watch pornography and told Callahan where she could find his phone's memory card. He told Callahan, however, that he had reformatted the memory card. Appellant also consented to a buccal swab.

Forensic tests showed that Appellant's computer had been cleaned the day before he brought the computer to the police department using a program that overwrites files so that they are unrecoverable. The memory card from the

3

phone had been reformatted as Appellant had claimed. DNA testing demonstrated that the stain on the carpet sample was Appellant's semen.

Appellant was charged with four counts of aggravated sexual assault. He pleaded not guilty to all four charges. After a trial, a jury found Appellant guilty on all counts. The jury assessed punishment of a life sentence for each count, which the trial court ordered to run concurrently. Appellant then filed this appeal.

## Discussion

### I. Warrantless Search

In Appellant's first issue, he argues that the State violated his Fourth Amendment rights by searching his house without a warrant and by exceeding the scope of Stacy's consent. He also argues that Stacy's consent to remove the carpet sample was invalid because she only rented the house.

Appellant filed a motion to suppress the evidence taken from his house during the search. After a hearing, the trial court denied the motion. At trial, the State offered into evidence the permission form signed by Stacy and the carpet sample obtained during the search. The State argues that Appellant waived this issue because at trial his attorney stated that he had "no objection" to the admission of the permission form and carpet sample. When a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). However, when the defendant affirmatively asserts during trial that he has "no objection" to the

4

admission of the complained-of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Moraguez*, 701 S.W.2d at 904; *see Thomas v. State*, 408 S.W.3d 877, 885–86 (Tex. Crim. App. 2013) (holding that "if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood," an "affirmative 'no objection' statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood"). Because defense counsel specifically stated that he had "no objection" to the admission of the carpet sample, and because the record does not plainly indicate an intention not to abandon the claim of error, we hold that the issue has not been preserved for appeal. We overrule Appellant's first issue.

## II. Corpus Delicti

In Appellant's second issue, he argues that the State failed to corroborate his confession as to Counts One, Two, and Four.[3] An extrajudicial confession by the accused is insufficient to support a conviction unless it is corroborated. *Gribble v. State*, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990), *cert. denied,* 501 U.S. 1232 (1991). The corpus delicti rule is a rule of evidentiary sufficiency that states that "an extrajudicial confession of wrongdoing, standing alone, is not enough to support a conviction; there must exist other evidence showing that a

---

[3]In Counts One and Two, the State alleged that Appellant intentionally or knowingly caused Madison's mouth to contact his penis. In Count Four, the State alleged that Appellant intentionally or knowingly caused Madison's sexual organ to contact his penis.

5

crime has in fact been committed." *Rocha v. State*, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000). This other evidence need not be sufficient by itself to prove the offense; "all that is required is that there be some evidence which renders the commission of the offense more probable than it would be without the evidence." *Williams v. State*, 958 S.W.2d 186, 190 (Tex. Crim. App. 1997) (quoting *Chambers v. State*, 866 S.W.2d 9, 15–16 (Tex. Crim. App. 1993), *cert. denied,* 511 U.S. 1100 (1994)). The State may prove the corpus delicti by circumstantial evidence. *See McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844 (1997). Thus, where there is an extrajudicial statement, as exists in this case, the corpus delicti rule requires us to consider all the record evidence, other than the extrajudicial statement, in the light most favorable to the verdict and to determine whether that evidence tends to establish that someone committed an aggravated sexual assault against the victim. *Fisher v. State*, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993).

The evidence presented included the carpet sample from Madison's nursery with Appellant's semen on it and testimony from a digital forensics examiner who stated that Appellant's computer and phone had been cleaned and reformatted so that evidence could not be recovered from them. In his confession, Appellant stated that Counts One and Two occurred on the couch and Count Four occurred on the bed, not in the nursery where the assault in Count Three occurred. He did not state that he ejaculated during Counts One, Two, or Four. Detective Callahan testified that there was no physical evidence

6

regarding Count Four.  The digital forensics expert testified that any photos or other digital evidence had been destroyed.  The only corroborating evidence that exists corroborates only Count Three.  The State was required to present evidence corroborating each count, and it did not do so.  *See Daniels v. State*, No. 02-06-00258-CR, 2007 WL 2460263, at *4 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem op., not designated for publication) ("[W]e simply cannot agree with the State's argument that Washington's testimony, which appropriately corroborated Daniels's confession as to Count 1, also corroborated his statements regarding the alleged incidents charged in Counts 2 and 3.").  The evidence, viewed in the light most favorable to the verdict, did not establish the corpus delicti for Counts One, Two, and Four.[4]  We sustain Appellant's second issue.

## III. Sufficiency of the Evidence of Count Three

In Appellant's third issue, he argues that the evidence is insufficient to support his conviction for Count Three of the indictment.  In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any

---

[4]The State urges that the corpus delicti rule should be abolished and replaced with a "trustworthiness standard."  The State also acknowledges that as an intermediate court, we are duty bound by the precedent of the Texas Court of Criminal Appeals.  *Wiley v. State,* 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd).  We therefore decline to apply our own standard to the present case.  *See Abdnor v. Ovard*, 653 S.W.2d 793, 794 (Tex. Crim. App. 1983) (holding that the court of appeals erred by imposing its own standard inconsistent with the court of criminal appeals's previous opinion).

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

The third count alleged that Appellant intentionally or knowingly caused Madison's anus to contact his penis. In his confession, Appellant stated that while he was changing Madison's diaper on the changing table, he put his penis "between her cheeks, underneath her, and she started laughing." He explained, "I was trying not to push into her. . . . I didn't *thrust*, you know what I'm saying? There was no *thrusting*, there was just a general back and forwards." He stated that he put her in her swing and she was "crying up a storm." When asked if his penis contacted Madison's anus, he said, "Honestly, I can't be sure." He said further, "Had I touched her anus with my penis? I could have. You're in that situation. I mean, I could have. I'm not saying yeah I know I did or yeah I didn't."

Appellant argues that the uncertainty of his recollection makes it impossible for a rational jury to find beyond a reasonable doubt that his penis contacted Madison's anus. He states on appeal, "The State's argument appears to be that in the event of uncertainty, the tie[-]breaker defaults to the State." It is, however, the jury's responsibility, not ours or the State's, "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2789). The trier of fact is the sole judge of the weight and credibility of the evidence. *See*

8

Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Appellant's confession contained graphic descriptions of the sexual assault, which allowed the jury to visualize the event and draw reasonable inferences. Appellant stated that he moved his daughter's "bottom apart" and touched "between her cheeks" with his penis. Appellant described moving his penis back and forth in that position while taking care not to penetrate her anus to avoid injury. After considering all the evidence, the jury could have reasonably inferred that Appellant's penis contacted his daughter's anus, thereby creating his need to prevent penetration. After considering the facts, the jury deduced a logical consequence from them, and we believe this inference is reasonable. *See Trevino v. State*, Nos. 02-10-00472-CR, 02-10-00473-CR, 02-10-00474-CR, 2012 WL 2428522, at *5 (Tex. App.—Fort Worth June 28, 2012, pet. ref'd) (mem op., not designated for publication). Based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict, we cannot say that the jury's determination was unreasonable. *See Crosby v. State*, No. 01-01-00850-CR, 2002 WL 31236302, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 3, 2002, pet. ref'd) (not designated for publication) (holding that complainant's testimony that appellant "spread her legs, and touched her bottom with his

9

'private,' and that this hurt her" was sufficient to show that appellant had contact with complainant's anus).  We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's first and third issues, we affirm the trial court's judgment as to Count Three for aggravated sexual assault.  Having sustained Appellant's second issue, we reverse Appellant's convictions as to Counts One, Two, and Four and render a judgment of acquittal as to those counts.  *See* Tex. R. App. P. 43.2(c), 51.2(d); *Daniels*, 2007 WL 2460263, at *7.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J., MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 12, 2013